JOE HAROLD PARNELL v. NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 15 January, 1965.)

**1. Pleadings § 33—**

Motion to strike a defense in its entirety is in substance a demurrer.

**2. Same—**

The allegations of fact of a pleading are deemed admitted for the purpose of a motion to strike.

**3. Parties § 2—**

Every action must be prosecuted by the real parties in interest, and an agent is not such a party.

**4. Same; Insurance § 66.1—**

Where liability insurer has paid the entire judgment against insured, insured is no longer the real party in interest and may not maintain an action against his joint tort-feasor or the insurer of the joint tort-feasor, to recover contribution notwithstanding the judgment against insured provided that upon payment by insured he should be entitled to recover one-half of the amount from the joint tort-feasor.

APPEAL by defendant from *Bone, Emergency Judge,* August 31, 1964, Civil Session of WAKE.

The present action is a sequel to a prior action in the Superior Court of Sampson County heard on appeal at Spring Term, 1964. *Phillips v. Parnell,* 261 N.C. 410, 134 S.E. 2d 676.

In said prior action, Phillips, the plaintiff, sued Joe Parnell to recover for personal injuries allegedly caused by the actionable negligence of Parnell; and, on motion of Parnell, Ottis Davis Blue and William Elliott were made additional defendants (as alleged joint tortfeasors) for contribution under G.S. 1-240. In accordance with the verdict therein, it was adjudged that Phillips have and recover of Parnell the sum of $3,500.00; and it was adjudged further that, upon payment "by or on behalf of" Parnell of $3,500.00 to the clerk "in satisfaction of" the judgment of Phillips, Parnell have and recover of additional defendants Blue and Elliott the sum of $1,750.00. The judgment contained similar provisions with reference to the costs.

The plaintiff herein (Parnell) alleged the facts concerning said prior action and attached a full copy of the judgment entered therein. In addition, he alleged, in substance, the facts narrated in the following numbered (our numbering) paragraphs.

1. On or about October 2, 1963, the sum of $3,500.00 was paid into the office of the Clerk of the Superior Court of Sampson County "on behalf of . . . Parnell," and the portion of the judgment allowing recovery by ·Phillips from Parnell "was marked satisfied"; and subsequently court costs in the amount of $19.10 were paid "on behalf of . . . Parnell."

2. Elliott was the owner and Blue the operator of the 1954 Ford involved in the collision of December 22, 1962, resulting in the personal injuries for which Phillips recovered judgment in said prior action. An assigned risk policy of automobile liability insurance issued by defendant to ·Elliott was in full force and effect on December 22, 1962. Elliott and Blue were each an "insured" under said policy; and defendant, by the terms of said policy, was and is obligated to pay any judgment obtained against an "insured," arising out of the operation of said 1954 Ford.

3. An execution issued October 2, 1963, on said judgment of Parnell against Elliott and Blue was returned unsatisfied.

Plaintiff seeks to recover judgment of defendant under the terms of said policy in the amount of $1,750.00, together with interest thereon from October 2, 1963, plus the additional sum of $9.55, to wit, one-half of the costs of said prior action.

After answering plaintiff's allegations, defendant, for a further answer and defense, alleged the following:

"1. That sometime prior to December 22, 1962, Safeco Insurance Company of America had issued and delivered to plaintiff a certain policy of automobile insurance under the terms of which it agreed to pay on behalf of the plaintiff all sums which the plaintiff became legally obligated to pay as damages for bodily injury sustained by any person arising out of the ownership, maintenance or use of the automobile described in the policy, it being the same automobile driven by the plaintiff at the time of the collision on December 22, 1962, which is referred to in paragraph VIII of the complaint; that said policy was issued in conformity with the provisions of the financial responsibility laws of North Carolina; and that said policy was in full force and effect at the time of said collision.

"2. That on October 2, 1963, Safeco Insurance Company of America, in discharge of its liability under said policy of automobile liability insurance, issued and delivered to the Clerk of the Superior Court of Sampson County, N. C., a draft in the amount of $3500 and a draft in amount of $97.10 in full payment of the judgment referred to in the complaint, copy of which is attached to the complaint marked Exhibit 'A,' and said drafts were accepted by the Clerk and subsequently by the plaintiff in the action, Billy Ray Phillips, in full payment and discharge of the liability of Joe Harold Parnell thereunder as to principal, interest and costs.

"3. That the plaintiff herein, Joe Harold Parnell, paid no part of said judgment, principal, interest or costs.

"4. That this action is being prosecuted in the plaintiff's name by Safeco Insurance Company of America for its sole and exclusive benefit; that the plaintiff, in the event of a recovery herein, will be entitled to no part of the proceeds of the same; that the plaintiff herein will sustain no loss or damage of any kind or nature whatever in the event of the unsuccessful prosecution of this action in his name; and that the plaintiff is not the real party in interest in this action.

"4-A. That the policy of insurance issued by Safeco Insurance Company to Joe Harold Parnell contained the following provision:

'Subrogation. In the event of any payment under this policy, the Company shall be subrogated to all the Insured's rights of recovery therefor against any person or organization and the Insured shall execute and deliver instruments and papers and do

whatever else is necessary to secure such rights.. The Insured shall do nothing after loss to prejudice such rights.'

"5. In paying the judgment as aforesaid on behalf of its policyholder, Joe Harold Parnell, Safeco Insurance Company of America simply discharged its liability under its said policy of automobile liability insurance referred to in paragraph 2 above; that said insurance company has claimed, or will claim, in the event of a recovery in this action, that it is entitled to the entire proceeds of the same for its sole and exclusive benefit; but that Safeco Insurance Company of America has no right of action against this defendant by reason of any matter alleged in the complaint herein, either in law or in equity, and is not entitled to recover any sum whatever of this defendant either by way of contribution, subrogation or otherwise."

The hearing below was on plaintiff's motion that said further answer and defense be stricken from the record on the ground the facts alleged therein do not constitute a defense to plaintiff's action. The court, allowing plaintiff's said motion, ordered that said answer and defense be stricken from the record. Defendant excepted and appealed.

*Teague, Johnson & Patterson and Robert M. Clay for plaintiff appellee.*

*Dupree, Weaver, Horton & Cockman and Jerry S. Alvis for defendant appellant.*

BOBBITT, J.   Plaintiff's motion to strike is addressed to defendant's further answer and defense in its entirety and in substance, if not in form, is a demurrer. The court, in allowing plaintiff's motion to strike, in effect *sustained* a demurrer to defendant's further answer and defense. *Jewell v. Price,* 259 N.C. 345, 348, 130 S.E. 2d 668, and cases cited.

In considering plaintiff's motion to strike (demurrer), the facts alleged by defendant are deemed admitted. *Jenkins & Co. v. Lewis,* 259 N.C. 86, 88, 130 S.E. 2d 49; *Pack v. McCoy,* 251 N.C. 590, 112 S.E. 2d 118; *Trust Co. v. Currin,* 244 N.C. 102, 92 S.E. 2d 658.

"Every action must be prosecuted in the name of the real party in interest . . ." G.S. 1-57; *Morton v. Thornton,* 257 N.C. 259, 262, 125 S.E. 2d 464, and cases cited. An agent is not the real party in interest and cannot maintain an action. *Morton v. Thornton,* 259 N.C. 697, 700, 131 S.E. 2d 378.

"A real party in interest is a party who is benefited or injured by the judgment in the case. An interest which warrants making a person

---

---

a party is not an interest in the action involved merely, but some interest in the subject matter of the litigation." *Rental Co. v. Justice,* 211 N.C. 54, 188 S.E. 609.

As pertinent to whether plaintiff is a real party in interest, reference is made to *Herring v. Jackson,* 255 N.C. 537, 543, 122 S.E. 2d 366, and cases cited.

The facts alleged by defendant disclose that Safeco Insurance Company, in discharge of its obligations under the liability policy it issued to plaintiff, paid *in full* the judgment Phillips obtained against plaintiff; that this action is being prosecuted in the name of plaintiff by Safeco and solely for its benefit; and that plaintiff has made no payment or otherwise suffered loss for which he has a claim against defendant. If the facts are as alleged by defendant, plaintiff is not the real party in interest in respect of an existing cause of action, if any, against defendant on account of matters alleged in the complaint.

Whether Safeco has a cause of action against defendant is not presented by this appeal.

The order, which in effect sustains plaintiff's demurrer to defendant's further answer and defense, is reversed.

Reversed.