ELISABETH HURLEY CROWELL, DOUGLAS F. BOWERS AND WIFE, BETTY B. BOWERS, PLAINTIFFS v. MRS. LATTA W. CHAPMAN; HOWARD Y. DUNAWAY, JR.; HOWARD Y. DUNAWAY, JR., EXECUTOR OF THE ESTATE OF MARIE KEMP DUNAWAY; KEMP R. DUNAWAY, AND MARY ELIZABETH DUNAWAY PIITZ; CHARLES EDWARD STIRES AND WIFE, CONSTANCE P. STIRES; MEBANE DOWD NEELEY; STEPHEN REEVES COLE; JAMES S. L. RAY, JR.; JOSEPH G. WHEELER AND WIFE, MADELEINE M. WHEELER; V. A. VESPOINT AND WIFE, CLARA E. VESPOINT; NCNB MORTGAGE CORPORATION; AND TIM, INC.; INDIVIDUALLY AND AS REPRESENTATIVES OF A CLASS COMPOSED OF OWNERS OF LEGAL AND EQUITABLE TITLE OF REAL ESTATE WITHIN THE PERIMETER BOUNDARIES OF A MAP OF BLOCKS 11-A AND 11-B OF MYERS PARK RECORDED IN MAP BOOK 230 AT PAGE 131, MECKLENBURG COUNTY PUBLIC REGISTRY, DEFENDANTS AND W. THOMAS RAWLINGS AND WIFE, JEANNE P. RAWLINGS; STEPHEN D. HIRES AND WIFE, MIRANDA F. HIRES; AND JAMES T. HINSON AND WIFE, JANE PARDEE HINSON, INTERVENING DEFENDANTS

No. 129A81

(Filed 3 August 1982)

Parties § 2.1— loss of real party in interest status—dismissal from case

When the original plaintiff in an action against a class of defendants to declare certain subdivision restrictive covenants unenforceable against plaintiff's lot lost her status as a real party in interest in the case by the sale of her lot, and the new owners of the lot were joined as parties plaintiff, the original plaintiff should have been dismissed from the case. G.S. 1-57; G.S. 1A-1, Rule 17(a).

Justice MARTIN took no part in the consideration or decision of this case.

PLAINTIFF Crowell appealed to the Court of Appeals from an order entered on 14 August 1980 by *Judge Johnson* presiding in MECKLENBURG Superior Court. The Court of Appeals, without an opinion and in an unpublished decision, concluded simply that there was no error in the order. The Supreme Court allowed plaintiff Crowell's petition for further review on 6 October 1981.

*Grier, Parker, Poe, Thompson, Bernstein, Gage & Preston by Gaston H. Gage, for plaintiff appellant.*

*Caudle, Underwood & Kinsey, P.A., by C. Ralph Kinsey, Jr. and John H. Northey III, for defendant appellees.*

EXUM, Justice.

Plaintiff Crowell sued a class of defendants pursuant to Rule 23 of the N.C. Rules of Civil Procedure. Thereafter she lost her

status as a real party in interest in the case and filed a notice of voluntary dismissal under Rule 41(a). After joining the Bowers who had become the real parties in interest as parties plaintiff, Judge Johnson vacated plaintiff Crowell's motion of voluntary dismissal, in effect maintaining Crowell as a party plaintiff in the case. The Court of Appeals found no error in this result. We disagree and reverse.

On 6 July 1978 plaintiff Crowell filed complaint against various named defendants, all allegedly owners of lots in Myers Park Subdivision in Charlotte as representatives of a class constituting all owners in the subdivision. The complaint alleges that plaintiff owns a lot in this subdivision described as "Lot I" and that certain restrictive covenants purporting to pertain to this lot and appearing in plaintiff's chain of title are for various reasons not enforceable by defendants. The complaint prays for a judgment so declaring. On 5 February 1979 plaintiff Crowell by permission of an earlier order amended her complaint so as more precisely to define the class of defendants against which she sought relief. On 14 February 1979 certain named defendants filed motions to dismiss and for summary judgment insofar as plaintiff's action purported to be against a class of defendants not individually named. On 27 March 1979 Judge Snepp certified the action as being maintainable against a class of defendants represented by the named defendants and denied named defendants' motions to dismiss and for summary judgment as to the represented class. Judge Snepp served notice to the class of the pendency of the lawsuit. Thereafter certain named defendants filed answer, admitting some and denying other of plaintiff Crowell's allegations. The answer prayed that the complaint be dismissed and that the restrictive covenants be declared enforceable against plaintiff Crowell. On 28 May 1979, pursuant to Judge Snepp's notice, certain other defendants intervened and adopted the answer and defenses of the defendants originally named.

On 19 October 1979 plaintiff Crowell sold her Lot I to plaintiffs Bowers and, because she was no longer a real party in interest, filed a notice of voluntary dismissal of her claim pursuant to Rule 41(a).

On 22 January 1980 all answering defendants moved to join the Bowers as parties plaintiff on the ground that plaintiff

Crowell had on 19 October 1979 conveyed her interest in Lot I to them whereby the Bowers "became the real parties in interest." This motion came on for hearing before Judge Johnson who, on 19 August 1980, filed an order in which, after reciting some of the above procedural history, he found as a fact that:

> Douglas F. Bowers and wife, Betty B. Bowers, acquired the property that is the subject of this action from the plaintiff by deed dated and filed October 19, 1979 and are the successors in interest to the plaintiff in said property and are real parties in interest to the issues presented in this action.

In this order Judge Johnson also determined that plaintiff Crowell's notice of voluntary dismissal earlier filed was void because she failed to comply with Rule 23(c), and he ordered that the dismissal be vacated. Judge Johnson allowed defendants' motion to join the Bowers as "additional parties plaintiff."

On appeal, plaintiff Crowell argues: (1) She had an absolute right to take a voluntary dismissal under Rule 41(a) on 19 October 1979 and (2) Judge Johnson's order unconstitutionally imposes upon her a condition of involuntary servitude, N.C. Const. Art. I § 17, and deprives her of her liberty without due process, N.C. Const. Art. I § 19. The answering defendants argue on the other hand that because plaintiff had invoked the class action provisions of Rule 23, she could not take a Rule 41(a) voluntary dismissal; rather, her action must be dismissed, if at all, pursuant to Rule 23(c) which provides:

> *Dismissal or Compromise.* A class action shall not be dismissed or compromised without the approval of the judge. In an action under this rule, notice of a proposed dismissal or compromise shall be given to all members of the class in such manner as the judge directs.

Defendants do not contend that plaintiff Crowell should not be let out of the case. Their brief asserts that all plaintiff need do is comply with Rule 23(c), "be dismissed as expected, and leave the case to be determined between plaintiffs Bowers . . . and the other defendants appearing." The brief refers further to the "inappropriateness of [plaintiff Crowell's] continued involvement in this litigation and prosecution of this appeal." Defendants have no objection to plaintiff Crowell's being dismissed from the case.

They concede she should be dismissed. Their position is simply that she cannot be dismissed via Rule 41(a), but only by resort to Rule 23(c).

In essence, then, the case is in this procedural posture: The original plaintiff Crowell, no longer a real party in interest, has no viable claim against anyone relating to Lot I which she no longer owns. She wants to be dismissed from the case. Defendants have no objection to this, but apparently say plaintiff cannot be let out because she has not complied with Rule 23(c). Defendants seek to keep this case alive; although it is not readily apparent why, if the case were dismissed entirely, defendants could not file their own lawsuit. The case, after all, has not as yet proceeded beyond the pleading stage—a stage which both sides seem to be inordinately enjoying. We can but marvel at the luxury by which these litigants and their counsel can bring this procedural potpourri all the way to us.

Since it is here, we must of course somehow try to untangle the knot which the lawyers have rather tightly tied. Plaintiff argues the solution lies in Rule 41(a) and the Constitution. The answering defendants say we should look to Rule 23(c), and the Constitution has nothing to do with it. We believe the tangle can best be unloosed and the right result reached through the proper application of G.S. 1-57 and Rule 17(a). We do not reach the question whether Crowell, had she remained the real party in interest, had an absolute right to take a voluntary dismissal or was, instead, relegated to proceeding via Rule 23(c).

G.S. 1-57 provides, with certain exceptions not here pertinent, that "[e]very action must be prosecuted in the name of the real party in interest. . . ." Rule 17(a) says in part:

> *Real party in interest.* Every claim shall be prosecuted in the name of the real party in interest . . . . No Action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

Crowell v. Chapman

Under G.S. 1-57 and Rule 17(a) only the real party in interest can prosecute a claim. With certain exceptions not here pertinent someone who is not a real party in interest cannot. However, Rule 17(a) provides that the action should not be dismissed "on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for . . . joinder or substitution of, the real party in interest." *See also, Burcl v. N.C. Baptist Hospital, Inc.,* 306 N.C. 214, 293 S.E. 2d 85 (1982).

Here, plaintiff Crowell filed her notice of voluntary dismissal *only because she was no longer a real party in interest.* We need not decide whether the action nevertheless under Rule 17(a) remained alive for a reasonable time thereafter to permit the Bowers to be joined as the real parties in interest. The fact is that the Bowers have now been joined and there has been no appeal from this aspect of Judge Johnson's order. Apparently the Bowers intend to prosecute the case. Since Crowell was no longer a real party in interest, Judge Johnson should, on that ground alone, have ordered that she be dismissed from the case.

Crowell in all events must be let out of the case. The real parties in interest have been let in. It seems needlessly hypertechnical now to quibble over whether Crowell gets out via a voluntary dismissal, or a motion under Rule 23(c), or simply an order of the trial court based on the fact that she can no longer prosecute the action. Under the circumstances of this case, we hold that Judge Johnson erred in not dismissing Crowell from the case on 19 August 1980.

The decision of the Court of Appeals finding no error in Judge Johnson's failure to dismiss Crowell is, therefore, reversed and the case is remanded to Mecklenburg Superior Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

Justice MARTIN took no part in the consideration or decision of this case.