UNITED STATES FIDELITY AND GUARANTY COMPANY, Plaintiff-Appellee v. SANDRA V. SCOTT, STEPHANIE S. JOHNSON AND DEBORAH S. GILBERT, Defendants-Appellants

No. COA95-1271

(Filed 15 October 1996)

**Parties § 21 (NCI4th)— appeal—parties in interest**

An appeal was dismissed as to defendants Johnson and Gilbert where defendant Scott shot and killed her husband; defendants Johnson and Gilbert, the deceased's daughters, brought a civil action against Scott, their stepmother; Scott entered into a confidential settlement agreement with Johnson and Gilbert which limited Johnson and Gilbert's right to collect to Scott's homeowner's insurance policy from plaintiff, USF&G; plaintiff filed a declaratory judgment action to determine its obligation; and the trial court granted plaintiff's motion for summary judgment. The declaratory judgment action involves only USF&G and Scott, despite Johnson and Gilbert being named as defendants, because Johnson and Gilbert have yet to determine Scott's liability in their claim for negligent infliction of emotional distress and have no interest in the subject matter of the litigation.

U.S. FIDELITY AND GUARANTY CO. v. SCOTT

[124 N.C. App. 224 (1996)]

Even if they had the right to appeal, the trial court's decision to grant summary judgment would be affirmed on the ground that the insurer had no obligation to Johnson and Gilbert because the insured, Scott, was protected by a covenant not to execute.

**Am Jur 2d, Parties §§ 41, 42.**

Appeal by Defendants Johnson and Gilbert from Order entered 28 July 1995 by Judge James C. Spencer, Jr., in Alamance County Superior Court. Heard in the Court of Appeals 26 August 1996.

*Hunter Law Firm, by R. Christopher Hunter, Elizabeth K. Blake and Gregg Pasternack, for Defendants-Appellants.*

*Wilson & Iseman, L.L.P., by G. Gray Wilson and Elizabeth Horton, for Plaintiff-Appellee.*

WYNN, Judge.

On 19 March 1993, defendant Sandra V. Scott shot and killed her husband, Duke Tyler Scott. Thereafter, defendants Deborah Johnson and Stephanie Gilbert, the deceased's daughters, brought an action against Scott, their stepmother, for wrongful death, intentional infliction of emotional distress and negligent infliction of emotional distress.

In March 1994, Scott entered into a confidential settlement agreement with Johnson and Gilbert. As per the agreement, Johnson and Gilbert dismissed two of the three claims they had against Scott. In return, Scott agreed to plead guilty to voluntary manslaughter, to pay her stepdaughters $415,000 in cash and to release any claim she had to certain real and personal property owned by her and the deceased.

The settlement agreement permitted Johnson and Gilbert to sever their claim for negligent infliction of emotional distress from the original lawsuit and to refile it in a subsequent action. However, the agreement limited Johnson and Gilbert's right to collect on any possible recovery to Scott's homeowner's insurance policy from plaintiff United States Fidelity and Guaranty Company ("USF&G"). The agreement stated:

In the event that any judgment shall be entered against Defendant [Scott] in this surviving issue, then <u>Defendant's real or personal belongings shall not be subject to execution,</u> it being the under-

standing and agreement by and between the parties that the <u>sole source of collection shall be the Defendant's insurance policy and/or carrier</u>

(emphasis added.)

USF&G filed a declaratory judgment action in Alamance County in November 1994 to determine its obligation to Scott, Johnson and Gilbert under Scott's homeowner's policy. In March 1995, the trial court ordered that defendants turn over a copy of their confidential settlement agreement to USF&G's counsel. Thereafter, the trial court granted USF&G's motion for summary judgment on the ground that the settlement agreement relieved USF&G of any obligation to defend or afford coverage to Scott.

Scott filed a timely notice of appeal, however, she failed to file a supporting brief and USF&G moved to dismiss her appeal pursuant to Rule 13(c) of the North Carolina Rules of Appellate Procedure. Johnson and Gilbert also appeal; however, we conclude that they are not real parties in interest in the litigation and therefore may not appeal from the judgment.

Only a "real party in interest" has the legal right to maintain a cause of action. *Crowell v. Chapman*, 306 N.C. 540, 293 S.E.2d 767 (1982). In order to qualify as a real party in interest, a party must have some interest in the subject matter of the litigation and not merely an interest in the action. *Parnell v. Insurance Co.*, 263 N.C. 445, 449, 139 S.E.2d 723, 726 (1965). In other words, "[a] real party in interest is a party who is benefitted or injured by the judgment in the case." *Id.* at 448, 139 S.E.2d at 726 (quoting *Rental Co. v. Justice*, 211 N.C. 54, 55, 188 S.E. 609, 610 (1936)). Furthermore, a party does not automatically qualify as a real party merely because they have been included as a defendant in a declaratory judgment action. *Insurance Co. v. Walker*, 33 N.C. App. 15, 234 S.E.2d 206 (1977), *disc. review denied*, 293 N.C. 159, 236 S.E.2d 704 (1977).

In *Walker*, plaintiff insurance company asked the court to determine its liability for injuries sustained by defendant Walker while on the property of defendant Lewis, plaintiff's insured. This Court held that since Walker had yet to determine Lewis' liability for his injuries, he was not a real party in interest and entitled to appeal the trial court's judgment, notwithstanding the fact that plaintiff's prayer for relief asked the court to determine whether *defendant* Walker was entitled to coverage.

## U.S. FIDELITY AND GUARANTY CO. v. SCOTT

[124 N.C. App. 224 (1996)]

In the instant case, Johnson and Gilbert have yet to determine Scott's liability in their claim for negligent infliction of emotional distress. At this point, they have no interest in the subject matter of the litigation. Therefore, despite Johnson and Gilbert being named as defendants, this declaratory judgment action involves only USF&G and Scott. Moreover, we note that even if Johnson and Gilbert had the right to appeal, we would affirm the trial court's decision to grant summary judgment in USF&G's favor on the ground that the insurer had no obligation to Johnson and Gilbert where Scott, the insured, was protected by a covenant not to execute. *See Lida Manufacturing Co. v. U.S. Fire Ins. Co.*, 116 N.C. App. 592, 448 S.E.2d 854 (1994), *disc. review allowed*, 339 N.C. 738, 454 S.E.2d 653 (1995).

Accordingly, since Johnson and Gilbert are not real parties in interest to this suit, their appeal is,

Dismissed.

Judges JOHNSON and LEWIS concur.