STEPHANIE S. JOHNSON AND DEBORAH S. GILBERT, PLAINTIFFS V.
SANDRA V. SCOTT, DEFENDANT

No. COA99-71

(Filed 18 April 2000)

**Emotional Distress— loss of sleep—loss of appetite—not sufficiently severe**

The trial court did not err by granting summary judgment for defendant on a claim for negligent infliction of emotional distress arising from the shooting of plaintiff's father by defendant, their step-mother. Although the parties' contentions involved the effect of a settlement agreement limiting any recovery to homeowner's insurance proceeds and a prior ruling discharging the insurance company, alternative grounds for upholding the summary judgment exist in that the loss of sleep and loss of appetite described by plaintiffs do not meet the requisite level of severe emotional distress.

Appeal by plaintiffs from judgment entered 13 February 1998 by Judge Donald W. Stephens in Durham County Superior Court. Heard in the Court of Appeals 20 October 1999.

*Hunter Law Firm, by Robert R. Seidel and R. Christopher Hunter, for plaintiffs-appellants.*

*Spears, Barnes, Baker, Wainio & Whaley, L.L.P., by Jessica S. Cook and Alexander H. Barnes, for defendant-appellee.*

JOHN, Judge.

Plaintiffs Stephanie S. Johnson (Johnson) and Deborah S. Gilbert (Gilbert) appeal the trial court's grant of defendant Sandra V. Scott's motion for summary judgment. We affirm.

Plaintiffs are sisters and the daughters of Duke Tyler Scott (Mr. Scott), now deceased. Defendant Scott is the step-mother of plaintiffs, having married Mr. Scott in 1982. Mr. Scott died 19 March 1993 as a result of a gunshot wound inflicted by defendant.

Plaintiffs thereafter filed suit against defendant, asserting, *inter alia*, claims of wrongful death, negligence, and for the return of personal property. Plaintiffs' initial action was settled 6 April 1994 upon execution by the parties of a "Stipulation of Settlement" agreement (the settlement agreement). Defendant therein agreed to a monetary and property settlement with plaintiffs in exchange for the latters' promise "to remain silent" during the plea bargaining and sentencing phases of defendant's impending criminal trial.

The settlement agreement further provided, however, that any claim of plaintiffs for negligent infliction of emotional distress against defendant would survive

insofar as the same may exist against Defendant and Defendant's carrier of the homeowners insurance (believed to be USF&G) on the premises and home of Defendant at which the incident occurred . . . . .Plaintiff understands that Defendant may be obliged under her insurance contract with USF&G or said carrier to assist the carrier in the defense of the surviving claim(s) herein described. . . .

. . . In the event that Plaintiff is unable to make or prove a case or succeed against Defendant such that Defendant's insurance policy carrier is liable, then Plaintiff shall have no other or further recourse against Defendant except as otherwise agreed upon in this Settlement Agreement. In the event that any judgment shall be entered against Defendant in this surviving issue, then Defendant's real or personal belongings shall not be subject to execution, it being the understanding and agreement by and between the parties that the sole source of collection shall be the Defendant's insurance policy and/or carrier . . . . Defendant shall exercise all reasonable steps and measures to assist Plaintiff in the collection of any such judgment . . . which shall not be in breach of Defendant's contract with the insurance carrier.

**JOHNSON v. SCOTT**

[137 N.C. App. 534 (2000)]

Plaintiffs filed the instant suit 21 March 1994 alleging negligent infliction of emotional distress. Defendant's 10 August 1995 motion for summary judgment was continued by the trial court pending resolution of a separate suit filed by United States Fidelity & Guaranty Company (USF&G) against defendant, seeking a declaratory judgment (the declaratory judgment action) as to USF&G's obligation to defend or afford coverage to defendant in the case *sub judice*.

The trial court allowed USF&G's motion for summary judgment in the declaratory judgment action on 28 July 1995 and "relieved [USF&G] of any obligation to defend or afford coverage to the defendant Scott." Defendant filed timely notice of appeal of the court's 28 July 1995 ruling, but failed to file a supporting brief. USF&G thereupon moved to dismiss defendant's appeal pursuant to N.C.R. App. P. 13(c) ("[i]f an appellant fails to file and serve his brief . . . the appeal may be dismissed"), which motion was allowed 29 February 1996.

In the declaratory judgment action, plaintiffs likewise attempted to appeal the grant of summary judgment in favor of USF&G. This Court held plaintiffs were not real parties in interest and also dismissed their appeal. *See U.S. Fidelity and Guaranty Co. v. Scott*, 124 N.C. App. 224, 226, 476 S.E.2d 404, 406 (1996), *disc. review denied*, 346 N.C. 185, 486 S.E.2d 220 (1997) (hereinafter *USF&G*). In the course of the opinion, however, we observed

> that even if Johnson and Gilbert had the right to appeal, we would affirm the trial court's decision to grant summary judgment in USF&G's favor on the ground that the insurer had no obligation to Johnson and Gilbert where Scott, the insured, was protected by a covenant not to execute.

*Id.* at 227, 476 S.E.2d at 406.

The trial court in the case *sub judice* thereafter reconsidered defendant's motion for summary judgment, and granted her motion 13 February 1998. Plaintiffs timely appealed.

Summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, admissions and affidavits on file show no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. N.C.G.S. § 1A-1, Rule 56(c) (1999); *Davis v. Town of Southern Pines*, 116 N.C. App. 663, 665, 449 S.E.2d 240, 242 (1994), *disc. review denied*, 339 N.C. 737, 454 S.E.2d 648 (1995). A summary judgment movant bears the burden of showing that

**JOHNSON v. SCOTT**

[137 N.C. App. 534 (2000)]

(1) an essential element of plaintiff's claim is nonexistent; (2) plaintiff cannot produce evidence to support an essential element of its claim; or (3) plaintiff cannot surmount an affirmative defense raised in bar of its claim.

*Lyles v. City of Charlotte*, 120 N.C. App. 96, 99, 461 S.E.2d 347, 350 (1995), *rev'd on other grounds*, 344 N.C. 676, 477 S.E.2d 150 (1996).

A court ruling upon a motion for summary judgment must view the evidence in the light most favorable to the non-movant, accepting all its asserted facts as true and drawing all reasonable inferences in its favor. *Kennedy v. Guilford Tech. Community College*, 115 N.C. App. 581, 583, 448 S.E.2d 280, 281 (1994).

However, once the moving party presents an adequately supported motion, the opposing party must come forward with specific facts (not mere allegations or speculation) that controvert the facts set forth in the movant's evidentiary forecast.

*Id.* As stated in G.S. § 1A-1, Rule 56(e):

When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

In short, "plaintiffs must . . . forecast sufficient evidence of all essential elements of their claims." *Waddle v. Sparks*, 331 N.C. 73, 82, 414 S.E.2d 22, 27 (1992).

The parties disagree as to the effect on the instant action of this Court's earlier ruling dismissing plaintiffs' appeal and thereby discharging USF&G from any obligation to afford coverage to defendant. *See USF&G*,. 124 N.C. App. at 227, 476 S.E.2d at 406. In essence, defendant maintains she was entitled to summary judgment because (1) the parties' settlement agreement limited plaintiffs' recovery on their negligent infliction of emotional distress claim to the amount recoverable from defendant's homeowner's insurance carrier; and, (2) defendant's carrier, USF&G, was absolved from liability in the *USF&G* decision, thereby precluding any recovery by plaintiffs from USF&G.

Plaintiffs counter that defendant materially breached the settlement agreement by failing to file a brief in the previous appeal. As a consequence, plaintiffs continue, they

> are no longer obligated to the bilateral agreement that the sole source of collection of any . . . judgment shall be [defendant's] insurance policy and/or carrier.

It is unnecessary to resolve the parties' dispute on this issue, however, in that an alternative ground sustains the trial court's grant of summary judgment. *See Nifong v. C. C. Mangum, Inc.*, 121 N.C. App. 767, 768, 468 S.E.2d 463, 465 ("[i]f the trial court grants summary judgment, the decision should be affirmed on appeal if there is any ground to support the decision"), *aff'd*, 344 N.C. 730, 477 S.E.2d 150 (1996). Specifically, we conclude plaintiffs failed to "produce evidence to support an essential element of [their] claim." *Lyles*, 120 N.C. App. at 99, 461 S.E.2d at 350.

The elements of a claim for negligent infliction of emotional distress are that

> (1) the defendant negligently engaged in conduct, (2) it was reasonably foreseeable that such conduct would cause the plaintiff severe emotional distress (often referred to as "mental anguish"), and (3) the conduct did in fact cause the plaintiff severe emotional distress.

*Johnson v. Ruark Obstetrics*, 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990).

> Our Supreme Court has defined severe emotional distress as

> any emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.

*Id.* The distress must indeed be severe; "mere temporary fright, disappointment or regret will not suffice." *Id.* Further,

> "[i]t is for the court to determine whether on the evidence severe emotional distress can be found; it is for the jury to determine whether, on the evidence, it has in fact existed."

*Waddle*, 331 N.C. at 84, 414 S.E.2d at 28 (quoting Restatement (Second) of Torts § 46 cmt. j (1965)).

## JOHNSON v. SCOTT

[137 N.C. App. 534 (2000)]

In the case *sub judice*, assuming *arguendo* plaintiffs produced adequate evidence of the first two prongs of negligent infliction of emotional distress, their forecast of evidence was deficient, *see Waddle*, 331 N.C. at 82, 414 S.E.2d at 27, on the remaining prong requiring a showing that plaintiffs indeed suffered "severe emotional distress," *Johnson*, 327 N.C. at 304, 395 S.E.2d at 97, in consequence of the conduct of defendant.

The sole evidence relative to characterization of the nature of their alleged emotional distress was located in plaintiffs' responses to defendant's interrogatories, attached to defendant's summary judgment motion. Taken in the light most favorable to plaintiffs, *Kennedy*, 115 N.C. App. at 583, 448 S.E.2d at 281, plaintiffs' verified answers indicated Johnson had experienced "difficulty sleeping" since her father's death and suffered from nightmares and periodic loss of appetite, diagnosed as "stress related gastinitis" by a physician who recommended counseling. Plaintiffs' responses reflected that Gilbert similarly encountered trouble sleeping and had "become fearful of the dark." Both in discovery and in their appellate brief, plaintiffs concede neither was ever "diagnosed by any doctor as suffering from neurosis, psychosis, chronic depression, phobia or any other type of severe mental condition."

We first note Gilbert's assertion she had "become fearful of the dark" was unaccompanied by any details reflecting that such fear might properly be labeled a phobia. A phobia is defined as "an exaggerated and often disabling fear." *Webster's Third New International Dictionary* 1699 (1966). Moreover, neither of the plaintiffs alleged her difficulty with sleeping resulted either in visits to a physician, required use of any medication, even "over-the-counter" sleep aids, or had in any manner disrupted that plaintiff's life. Although Johnson claimed to suffer from "stress related gastinitis," this was qualified by the statement that her loss of appetite was periodic. Similarly, Gilbert claimed that the "stress of dealing with her father's death" contributed to Gilbert's "*temporarily* separating from her husband." (emphasis added).

Based upon the evidence adduced below, we cannot say the alleged emotional distress of plaintiffs as described in their responses to defendant's interrogatories met the requisite level of "severe" emotional distress. *See Waddle*, 331 N.C. at 84, 414 S.E.2d at 27-28 (" '[t]he law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it. The intensity and the

**JOHNSON v. SCOTT**

[137 N.C. App. 534 (2000)]

duration of the distress are factors to be considered in determining its severity.' ") (quoting Restatement (Second) of Torts § 46 cmt. j). The *Johnson* definition of "severe emotional distress" mandates that plaintiffs forecast evidence they suffered from a "neurosis, psychosis, chronic depression, [or] phobia" or from

> any other type of severe and disabling emotional or mental condition which may be generally recognized and diagnosed by professionals trained to do so.

*Johnson*, 327 N.C. at 304, 395 S.E.2d at 97. Neither condition described by plaintiffs, loss of sleep nor loss of appetite, qualified under the showing *sub judice* as "severe and disabling." *Id.*

Accordingly, defendant met her summary judgment burden of demonstrating the absence of an essential element of plaintiffs' claim, *i.e.*, *severe* emotional distress. *See Young v. Fun Services-Carolina, Inc.*, 122 N.C. App. 157, 159, 468 S.E.2d 260, 262 ("defendant moving for summary judgment may prevail by affirmatively showing by affidavits or depositions offered by any party, or other devices permitted by Rule 56, [such as answers to interrogatories,] that an essential element of a plaintiff's claim is lacking"), *disc. review denied*, 344 N.C. 444, 476 S.E.2d 134 (1996).

> Since [defendant thereby] successfully shifted the burden to plaintiffs, they were required to "produce a forecast of evidence demonstrating that [they] will be able to make out at least a *prima facie* case at trial."

*Id.* at 162, 468 S.E.2d at 263 (quoting *Collingwood v. G.E. Real Estate Equities*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)). Plaintiffs having presented no evidence *aliunde* their responses to defendant's interrogatories tendered to the trial court by defendant, the court did not err in granting defendant's motion for summary judgment. *See* G.S. § 1A-1, Rule 56(e).

Affirmed.

Judges LEWIS and McGEE concur.