**IN RE FORECLOSURE OF WEBB**

[231 N.C. App. 67 (2013)]

IN THE MATTER OF THE FORECLOSURE OF A DEED OF TRUST EXECUTED BY
BURL WEBB, JR. AND LEIGH B. WEBB DATED JANUARY 6, 2006 AND RECORDED
IN BOOK 19879 AT PAGE 177 IN THE MECKLENBURG COUNTY PUBLIC REGISTRY,
NORTH CAROLINA

No. COA 13-324

Filed 3 December 2013

**Parties—foreclosure action—trustee—holder of the note—appeal to superior court**

The superior court erred in a foreclosure proceeding by an appeal from an assistant clerk's order on the basis that U.S. Bank was not a party to the proceeding. Where the trustee of a note institutes a foreclosure proceeding and the clerk enters an order in favor of the borrower, the holder of the note who did not appear at the hearing before the clerk has standing to pursue the appeal of the clerk's order in superior court. As U.S. Bank qualified as a real party in interest, U.S. Bank should have been allowed to prosecute the appeal of the assistant clerk's order in superior court.

Appeal by Petitioner from order entered 11 January 2013 by Judge Timothy S. Kincaid in Mecklenburg County Superior Court. Heard in the Court of Appeals 28 August 2013.

*The Law Office of John T. Benjamin, Jr., P.A., by John T. Benjamin, Jr., and Taylor T. Haywood, for Petitioner.*

*The Law Office of James W. Surane, PLLC, by James W. Surane, for Respondents.*

*Shapiro and Ingle, LLP, by Jeffrey A. Bunda, for the Substitute Trustee.*

DILLON, Judge.

Because the trial court erroneously found that U.S. Bank ("Petitioner") was not a party to the action and improperly ordered the case dismissed without prejudice, we reverse the order and remand the case to the trial court, holding that U.S. Bank is a real party in interest to this action.

## I:  Facts and Procedural History

On 6 January 2006, Burl Webb, Jr., ("Borrower") executed a promissory note ("the Note") in the amount of $400,000, payable originally to Wells Fargo Bank, N.A., in order to finance the purchase of a home ("the subject property"). The Note was secured by a Dead of Trust executed by Borrower and Leigh B. Webb (together, "Respondents"). Wells Fargo endorsed the Note "in blank" and then gave physical possession of the Note to U.S. Bank. Subsequently, Borrower defaulted on the Note, and the Note was accelerated.

On 28 June 2011, the Substitute Trustee under the Deed of Trust filed a Notice of Hearing of Foreclosure of Deed of Trust (the "Notice of Hearing") with the Mecklenburg County Clerk of Court, which listed U.S. Bank as the "present holder of the debt evidenced in the Deed of Trust."[1] On 15 March 2012, an Assistant Clerk of Superior Court of Mecklenburg County conducted a hearing on the matter, pursuant to N.C. Gen. Stat. § 45-21.16 (2011). Counsel for Respondents and the Substitute Trustee were present at the hearing; however, no counsel appeared on behalf of U.S. Bank. At the hearing, the Assistant Clerk dismissed the action with prejudice because the "[Substitute Trustee] failed to show valid debt by lack of showing holder of note." On 21 March 2012, U.S. Bank timely appealed to superior court pursuant to N.C. Gen. Stat. § 45-21.16(d1). On 29 November 2012, a hearing was conducted in Mecklenburg County Superior Court, at which counsel for U.S. Bank and Respondents were present, but counsel for the Substitute Trustee was not. At the close of U.S. Bank's evidence, Respondents moved for "a directed verdict of sorts[,]" arguing that "U.S. Bank is not a party to this action" and that the "trustee didn't even appear today to present evidence." The trial court, thereafter, granted a motion to dismiss without prejudice, finding that "the appeal was brought from the substitute trustee's action[,]" "that the substitute trustee is not here represented[,]" and that "the holder [of the Note] can't go forward because the holder hasn't intervened or become a party" to the proceeding.

The trial court entered an order of dismissal without prejudice on 11 January 2013. The order found that "[t]he notice of appeal was filed by the Substitute Trustee." Further, the order concluded that U.S. Bank was not the petitioner in the special proceeding and that the Substitute Trustee, being a party to the special proceeding, was required

---

1. Petitioner had maintained continuous possession of the Note from the time it received it from Wells Fargo in 2006 through 29 November 2012, when Petitioner presented the Note to the trial court.

**IN RE FORECLOSURE OF WEBB**

[231 N.C. App. 67 (2013)]

to introduce evidence to prove its case. The trial court concluded that "[h]aving failed to appear at the November 29, 2012 appeal hearing, the Substitute Trustee did not establish its right to foreclose upon the Deed of Trust pursuant to N.C. Gen Stat. § 45-21.16" and, thereafter, dismissed the case without prejudice. From this order, Petitioner appeals.

---

U.S. Bank's primary issue on appeal is whether the trial court erred in dismissing the foreclosure proceeding on the basis that U.S. Bank was not a party to the proceeding. It is well established that "only the real party in interest can prosecute a claim." *Crowell v. Chapman*, 306 N.C. 540, 544, 293 S.E.2d 767, 770 (1982). Since "[s]tanding concerns the trial court's subject matter jurisdiction and is therefore properly challenged by a Rule 12(b)(1) motion to dismiss[,]" "[o]ur review of an order granting a Rule 12(b)(1) motion to dismiss is *de novo*[.]" *Fuller v. Easley*, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001) (citations omitted).

The specific question before this Court is - where the trustee of a note institutes a foreclosure proceeding and the Clerk enters an order in favor of the borrower — does a holder of the note who did not appear at the hearing before the Clerk have standing to pursue the appeal of the Clerk's order in Superior Court. We addressed this issue in *In Re Foreclosure of a Deed of Trust by Thomas*, 2009 N.C. App. LEXIS 20, 09 WL 26702, 2 (2009) (COA08-287). Because *Thomas* is an unpublished opinion, we are not bound by its holding; however, because we find the rationale persuasive, we adopt its rationale and holding in this case. In *Thomas*, the borrower argued that "only a trustee may appeal a clerk's adverse ruling to superior court," specifically contending that an appeal by the holder of the note should be dismissed for lack of "standing and subject matter jurisdiction." *Id.* Citing a number of cases from our Supreme Court, *e.g.*, *Energy Investors Fund, L.P. v. Metric Contractors, Inc.*, 351 N.C. 331, 525 S.E.2d 441 (2000), and *Parnell v. Nationwide*, 263 N.C. 445, 139 S.E.2d 723 (1965), this Court concluded in *Thomas* that the holder of the note was the real party in interest, and, therefore, could prosecute the appeal of the clerk's adverse ruling in superior court. *Id.* We noted in *Thomas* that "in one of this jurisdiction's leading foreclosure cases" from our Supreme Court, the "appeal was taken from the clerk of superior court to a superior court judge by the beneficiary of a deed of trust, not the trustee." *Id.* (citing *In re Foreclosure of Deed of Trust of Michael Weinman Assocs.*, 333 N.C. 221, 424 S.E.2d 385 (1993)).

In the case *sub judice*, U.S. Bank is the holder of the Note and the party to which repayment of the balance is owed. The disbursed funds

were secured by the Deed of Trust on the subject property; and, upon default, repayment of the funds was accelerated in accordance with the Note. U.S. Bank was injured by the judgment in this case since they were not able to proceed with the foreclosure as a remedy to recover the balance of the disbursed funds. Therefore, we find that the trial court erred in dismissing the proceeding because U.S. Bank qualifies as a real party in interest. U.S. Bank should be allowed to prosecute the appeal of the Assistant Clerk's order in superior court.

As to U.S. Bank's further arguments regarding the sufficiency of the evidence to allow the foreclosure to proceed, we remand to the trial court for that determination.

REVERSED and REMANDED.

Judge BRYANT and Judge STEPHENS concur.