**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 15-1185**

---

MACKEAN P. NYANGWESO MAISHA,

Plaintiff - Appellant,

v.

UNIVERSITY OF NORTH CAROLINA; HOLDEN THORP, Chancellor; WADE
H. HARGROVE, Chair Board of Trustees; HANNAH D. GAGE, Board
of Governors; MICHAEL KOSOROK; MELISSA HOBGOOD; SCOTT ZENTZ;
MICHAEL G. HUDGENS; CHENXI LI; JASON P. FINE; GARY G. KOCH;
MICHAEL A. HUSSEY; ALISA S. WOLBERG; BAHJAT F. QAQISH; JOHN
S. PREISSER; JIANWAN CAI,

Defendants - Appellees.

---

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  Catherine C. Eagles,
District Judge.  (1:12-cv-00371-CCE-LPA)

---

Submitted:  February 29, 2016      Decided:  March 17, 2016

---

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

Stephon J. Bowens, BOWENS LAW GROUP, PLLC, Raleigh, North
Carolina, for Appellant.  Roy Cooper, North Carolina Attorney
General, Matthew Tulchin, Assistant Attorney General, Raleigh,
North Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Mackean P. Nyangweso Maisha appeals the district court's orders dismissing portions of his amended complaint, granting summary judgment to Appellees on his remaining claims, striking portions of declarations he submitted, and granting summary judgment to the University of North Carolina at Chapel Hill (UNC) on its counterclaim. Finding no error, we affirm.

I.

We review de novo a district court's dismissal of claims under Fed. R. Civ. P. 12(b)(6), accepting factual allegations in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party. Kensington Volunteer Fire Dep't v. Montgomery Cty., 684 F.3d 462, 467 (4th Cir. 2012). To survive a motion to dismiss, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).

Maisha contends that the district court erred in dismissing his claims under 42 U.S.C. § 1983 (2012) against defendants Melissa Hobgood, Scott Zentz, Gary G. Koch, Bahjat F. Qaqish, and John S. Preisser, as well as certain claims against UNC under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d to 2000d-7 (2012), amended by Every Student Succeeds

3

Act, Pub. L. No. 114-95, 129 Stat. 1802, 2171 (2015), as barred by the statute of limitations because they are timely under the continuing-violation doctrine. While North Carolina's three-year statute of limitation applies to claims under Title VI and § 1983, see Tommy Davis Construction, Inc. v. Cape Fear Public Utility Authority, 807 F.3d 62, 67 (4th Cir. 2015) (§ 1983 claims); Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 187 (4th Cir. 1999) (Title VI claims), federal law controls when the statute of limitations beings to run. A Soc'y Without a Name v. Virginia, 655 F.3d 342, 348 (4th Cir. 2011).

"In general, to establish a continuing violation, the plaintiff must establish that the unconstitutional or illegal act was a fixed and continuing practice." Id. (alteration and internal quotation marks omitted). However, "continu[ing] unlawful acts are distinguishable from the continuing ill effects of an original violation because the latter do not constitute a continuing violation." Id. Only "if the same alleged violation was committed at the time of each act[] [does] the limitations period begin[] anew with each violation." Id. (internal quotation marks omitted). General allegations of "a 'pattern or practice' of discrimination" are insufficient to establish a continuing violation. Williams v. Giant Food Inc., 370 F.3d 423, 429-30 (4th Cir. 2004). We conclude that the district court did not err in dismissing these claims as barred

4

by the statute of limitations as each event related to a discrete act that was not repeated by the individual actor, and Maisha's general allegations of a pattern or practice of discrimination do not suffice to render these claims timely.

Next, Maisha contends that the district court erred in dismissing his remaining § 1983 claims against Defendants Wade H. Hargrove, Hannah D. Gage, Chenxi Li, Michael A. Hussey, and Alisa S. Wolberg. We conclude, however, that the district court did not err in dismissing these parties because Maisha's amended complaint did not allege sufficient facts to state a plausible claim that any of these parties violated a constitutional right.[1]

Finally, Maisha argues that the district court erred in dismissing his conversion claim against Defendants Li, Michael G. Hudgens, and Jason P. Fine. North Carolina defines conversion as "the unauthorized assumption and exercise of right of ownership over goods or personal property belonging to another to the alteration of their condition or the exclusion of the owner's rights." Marina Food Assocs., Inc. v. Marina Rest.,

---

[1] We further note that because Maisha's opening brief failed to argue that the district court erred in dismissing Defendants Holden Thorpe, Michael Kosorok, and Jianwan Cai, Maisha has waived appellate review of this portion of the district court's order. See A Helping Hand, LLC v. Balt. Cty., 515 F.3d 356, 369 (4th Cir. 2008). ("It is a well settled rule that contentions not raised in the argument section of the opening brief are abandoned." (internal quotation marks omitted)).

Inc., 394 S.E.2d 824, 831 (N.C. Ct. App. 1990). Federal copyright law "preempt[s] a conversion claim where the plaintiff alleges only the unlawful retention of its intellectual property rights and not the unlawful retention of the tangible object embodying its work." United States ex rel. Berge v. Bd. of Trs. of the Univ. of Ala., 104 F.3d 1453, 1463 (4th Cir. 1997) (internal quotation marks omitted). "[A] state law action for conversion will not be preempted if the plaintiff can prove the extra element that the defendant unlawfully retained the physical object embodying plaintiff's work." Id. (internal quotation marks omitted). Maisha's amended complaint alleged claims based on plagiarism and lack of attribution, which are preempted by federal copyright law. Id. at 1464. Thus, we conclude that the district court did not err in dismissing these claims.

II.

Maisha also contends that the district court erred in granting summary judgment to UNC, Fine, and Hudgens. We "review[] de novo [a] district court's order granting summary judgment." Jacobs v. N.C. Admin. Office of the Courts, 780 F.3d 562, 565 n.1 (4th Cir. 2015). "A district court 'shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. at 568 (quoting Fed. R. Civ.

6

P. 56(a)). In determining whether a genuine issue of material fact exists, "we view the facts and all justifiable inferences arising therefrom in the light most favorable to . . . the nonmoving party." Id. at 565 n.1 (internal quotation marks omitted). However, "[c]onclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the nonmoving party's] case." Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) (internal quotation marks omitted).

First, Maisha argues that the district court erred in striking portions of several declarations that he attached to his opposition to the motion for summary judgment. We review for abuse of discretion a district court's ruling regarding the admissibility of evidence for summary judgment purposes. Nader v. Blair, 549 F.3d 953, 963 (4th Cir. 2008). We discern no abuse of discretion in the district court's evidentiary rulings and, thus, affirm the district court's order striking portions of the disputed declarations.

Second, Maisha contends that the district court erred in granting summary judgment to UNC on his Title VI discrimination and retaliation claims. We apply the familiar McDonnell Douglas[2]

---

[2] McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973).

7

test for claims of discrimination under Title VI. Rashdan v. Geissberger, 764 F.3d 1179, 1182 (9th Cir. 2014) (collecting cases from four circuits); see Middlebrooks v. Univ. of Md., No. 97-2473, 1999 WL 7860, at *4-5 (4th Cir. Jan. 11, 1999). We conclude that the district court did not err in finding that Maisha failed to establish a prima facie case. While Maisha is correct that UNC did not have a formal policy concerning enrollment in BIOS 994, a doctoral dissertation course, UNC had an informal policy requiring that students take a "Qualifying Exam" prior to beginning dissertation research. See Merritt v. Old Dominion Freight Line, Inc., 601 F.3d 289, 297 (4th Cir. 2010) ("[A]n informal policy is no less a policy."). When Maisha failed to take the Qualifying Exam as instructed, Fine informed Maisha that he was longer eligible to take BIOS 994, and, when Maisha failed to register for any other courses, he was eventually unenrolled from UNC. Thus, we conclude that Maisha was not eligible to continue his graduate studies.

Maisha also contends that the district court erred in granting summary judgment to UNC on his Title VI retaliation claim. To establish a Title VI retaliation claim, Maisha "must show (1) that [he] engaged in protected activity; (2) that [UNC] took a material adverse . . . action against [him;] and (3) that a causal connection existed between the protected activity and the adverse action." Peters v. Jenney, 327 F.3d 307, 320 (4th

8

Cir. 2003). On appeal, Maisha argues that temporal proximity establishes causation. However, UNC learned of his complaint to the Department of Education's Office of Civil Rights in 2009, and it was not until June 2010 that Maisha alleged UNC retaliated against him by requiring him to sit for the Qualifying Exam. This gap of nearly one year does not provide the temporal proximity needed to establish causation. See Lettieri v. Equant Inc., 478 F.3d 640, 650 (4th Cir. 2007) (noting that plaintiff relied on additional evidence of retaliatory animus when there was seven-month gap between protected activity and termination). Thus, we conclude that the district court did not err in granting summary judgment to UNC on this claim.

Third, Maisha contends that the district court erred in granting summary judgment on his claims of negligent and intentional infliction of emotional distress against Fine and Hudgens.[3] In North Carolina, claims of intentional and negligent

---

[3] Maisha also contends that the district court erred in granting summary judgment to Fine and Hudgens on his due process claims pursuant to § 1983. As the district court correctly noted, in order to establish a due process violation, "a plaintiff must first show that he has a constitutionally protected liberty or property interest." Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 167, 172 (4th Cir. 1988) (internal quotation marks omitted). Because Maisha failed to argue in his opening brief that he has a protected property or liberty interest, we conclude that he has waived appellate review of this issue. See A Helping Hand, LLC, 515 F.3d at 369.

infliction of emotional distress both require a plaintiff to show severe emotional distress. Pierce v. Atl. Grp., Inc., 724 S.E.2d 568, 577 (N.C. Ct. App. 2012). Severe emotional distress includes "any emotional or mental disorder . . . which may be generally recognized and diagnosed by professionals trained to do so." Id. While medical evidence is not necessarily required to support a claim, a plaintiff's failure to seek medical treatment is a ground for granting a defendant summary judgment when there is no "real evidence of severe emotional distress." Pacheco v. Rogers & Breece, Inc., 579 S.E.2d 505, 508 (N.C. Ct. App. 2003). We conclude that the district court did not err in finding that Maisha failed to forecast sufficient evidence to demonstrate he suffered severe emotional distress. See Johnson v. Scott, 528 S.E.2d 402, 405 (N.C. Ct. App. 2000) (finding evidence of sleeplessness, nightmares, loss of appetite, and fear of dark insufficient to establish severe emotional distress).

Finally, Maisha contends that the district court erred in granting summary judgment to UNC on its counterclaim for money had and received. "An action for money had and received may be maintained as a general rule whenever the defendant has money in his hands which belongs to the plaintiff, and which in equity and good conscience he ought to pay to the plaintiff." Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.,

10

712 S.E.2d 670, 676 (N.C. Ct. App. 2011) (internal quotation marks omitted). To prove a claim of unjust enrichment, UNC was required to establish "(1) a measurable benefit was conferred on [Maisha], (2) [Maisha] consciously accepted that benefit, and (3) the benefit was not conferred officiously or gratuitously." Id. at 677. We conclude that UNC was entitled to summary judgment on its counterclaim because it refunded Maisha's student loans when he failed to enroll in courses as required by his loan agreement and that it did not do so gratuitously.

## III.

Accordingly, we affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

11