APRIL HANSEN, Employee, Plaintiff v. CRYSTAL FORD-MERCURY, INC., Employer; PENNSYLVANIA NATIONAL INSURANCE COMPANY, Carrier, Defendants and BLUE CROSS AND BLUE SHIELD OF NORTH CAROLINA, Medical Reimbursement Claimant

No. COA99-574

(Filed 20 June 2000)

**Workers' Compensation— compromise settlement agreement—health insurer not included—real party in interest—settlement void**

A compromise settlement agreement in a workers' compensation case was void where a health insurer which had filed a claim for reimbursement did not consent to the settlement. In a case of first impression, the Court of Appeals held that the Industrial Commission had subject matter jurisdiction over the claim because a health insurer may intervene as a real party in interest when it alleges that it has paid medical expenses due to an employee's compensable injury and is entitled to reimbursement and liability is disputed by the employer. A compromise settlement agreement can only be approved when all parties consent; of course, nothing prohibits an employee and employer from including the health insurer in the clincher.

Appeal by Blue Cross and Blue Shield of North Carolina from orders entered 22 January 1999, 3 February 1999 and 16 February 1999 by the North Carolina Industrial Commission. Heard in the Court of Appeals 17 February 2000.

*Taft, Taft and Haigler, P.A., by Alden B. Cole, for plaintiff-appellee.*

*Young Moore and Henderson, P.A., by Joe E. Austin, Jr. and Dawn M. Dillon, for defendant-appellees Crystal Ford-Mercury, Inc. and Pennsylvania National Insurance Company.*

*J. Randolph Ward and Maupin Taylor & Ellis, P.A., by M. Keith Kapp and Kevin W. Benedict, for appellant Blue Cross and Blue Shield of North Carolina.*

HUNTER, Judge.

Appellant Blue Cross and Blue Shield of North Carolina ("BCBS") appeals orders of the North Carolina Industrial Commission ("Industrial Commission") wherein it approved a compromise settlement agreement between April Hansen ("plaintiff") her employer,

Crystal Ford-Mercury, Inc. ("employer"), and its workers' compensation carrier, Pennsylvania National Insurance Company ("carrier"), without addressing whether or not plaintiff's injury was compensable under the North Carolina Workers' Compensation Act ("Act"). BCBS had filed a claim in the matter, contending that it was entitled to reimbursement for medical costs it paid due to plaintiff's alleged compensable injury. The Full Industrial Commission ("Full Commission") did not rule on BCBS's claim, inferring that it did not have jurisdiction to do so. We reverse on the basis that the Industrial Commission has jurisdiction over BCBS's claim, and therefore the subject compromise settlement is void because all interested parties did not consent to it.

The record indicates that plaintiff filed a workers' compensation claim alleging a workplace injury on 24 July 1996, when plaintiff allegedly came down a ladder and twisted her right knee as she stepped on the floor. On 7 August 1996, carrier denied plaintiff's claim for "fail[ing] to cooperate" with their requests for medical records. On 26 August 1996, carrier sent plaintiff a letter denying that her injury was compensable due to carrier's review of plaintiff's medical records and the revelation that plaintiff had suffered prior problems with the injured knee. Carrier recommended that plaintiff submit her claim to BCBS, plaintiff's health insurer through her employer's group health insurance plan. BCBS subsequently paid $12,229.78 for treatment of plaintiff's injured knee from 26 July 1996 to 30 October 1996. BCBS's coverage of plaintiff apparently ended with her departure from employment with employer in the fall of 1996. BCBS learned of plaintiff's workers' compensation claim as to the injury in September 1997. On 29 September 1997, BCBS entered a Form 33 "Request that Claim be Assigned for Hearing" in plaintiff's case, requesting that it be reimbursed for its costs because employer and carrier (collectively "defendants") were liable for plaintiff's alleged compensable injury. On 24 November 1997, on Industrial Commission Form 33R, "Response to Request that Claim be Assigned for Hearing," defendants stated that "compensability has been denied," and made the following notations under "Defendant Agrees to the Following," in pertinent part:

Subject to Act Admitted

Employment Relationship Admitted

Insurance Coverage Admitted

Date of Injury 7/24/96 alleged

Injury by accident Denied

Arising out of and in the course of employment Denied

Industrial Commission Deputy Commissioner Mary Moore Hoag entered an order on 10 December 1997 allowing BCBS to serve requests for admissions to defendants, and ordering defendants to serve responses on or before 15 December 1997. Those requests asked for carrier's admission that the medical services for plaintiff in question were necessary due to the condition of plaintiff's right knee on and/or after 24 July 1996, the date of the accident. Defendants never answered the requests, and carrier defended on the grounds that plaintiff's injury was not an "injury by accident" as contemplated by the Act.

A "compromise settlement agreement" or "clincher" per Industrial Commission Rule 502, and a proposed order, were submitted to the Industrial Commission on 18 December 1997. They provided that without admitting liability, but upon payment of $15,000.00 and certain medical expenses to plaintiff, the Industrial Commission would discharge defendants from further liability under the Act. On 30 March 1998, the deputy commissioner denied defendants' and plaintiff's 18 December 1997 joint motion to strike the discovery orders and approve a compromise settlement agreement releasing defendants from all liability without reimbursing BCBS, stating: "I can not [sic], in good conscience, approve a Compromise Settlement Agreement in this action which does not provide for reimbursement to [BCBS]." Defendants and plaintiff appealed to the Full Commission.

The Full Commission entered an order on 22 January 1999 approving the compromise settlement agreement and releasing defendants from liability for plaintiff's injuries. The Full Commission vacated all prior discovery orders, and approved the compromise settlement agreement, stating in pertinent part:

> Because it appears to the Commission that the liability of defendants for the unpaid medical expenses is legitimately in dispute, an injustice would result if defendants must undertake to pay these expenses prior to approval of this agreement as the case would not then reach a settlement. Therefore, the Commission exercises its discretion pursuant to Industrial Commission Rules 502(2)(b) and 801 to waive the obligation, if any, of defendants to pay all unpaid medical expenses as a part of this agreement.

Industrial Commission Rule 502, which the Full Commission cites for authority, states in pertinent part:

(2) No compromise agreement will be approved unless it contains the following language or its equivalent:

(a) Where liability is admitted, that the employer or carrier/administrator undertakes to pay all medical expenses to the date of the agreement.

(b) *Where liability is denied, that the employer or carrier/administrator undertakes to pay all unpaid medical expenses to the date of the agreement. However, where application of this Rule shall work an injustice, it may be waived in the discretion of the Industrial Commission.*

Workers' Comp. R. of N.C. Indus. Comm'n 502(2), (a), (b), 2000 Ann. R. 723 (Lexis) (emphasis added). Likewise, Rule 801 provides that the Industrial Commission Rules may be waived in the "interest of justice." Workers' Comp. R. of N.C. Indus. Comm'n 801, 2000 Ann. R. 733 (Lexis). The 22 January 1999 order was amended by order of 3 February 1999 to correct a clerical error. BCBS made a motion for reconsideration, asking that the order be amended by discharging defendants' liability only as to plaintiff's claims, not those of BCBS. This motion was denied by order of 16 February 1999. BCBS appeals.

First, BCBS contends that the Full Commission erred by failing to hear and determine its claim for reimbursement because the Industrial Commission is the only body with jurisdiction to hear and determine issues regarding the compensability of allegedly work-related injuries.

First, we note that our review of claims under the Act is limited. The North Carolina Supreme Court has stated that " 'the findings of fact made by the Commission are conclusive on appeal, . . . when supported by competent evidence[] . . . even though the record may support a contrary finding of fact.' " *Inscoe v. Industries, Inc.*, 292 N.C. 210, 215, 232 S.E.2d 449, 452 (1977) (quoting *Rice v. Chair Co.*, 238 N.C. 121, 124, 76 S.E.2d 311, 313 (1953)). When the Court of Appeals reviews a decision of the full Commission, its inquiry is limited to: (1) whether there is competent evidence to support the Commission's findings of fact; and, (2) whether the findings of fact support the conclusions of law and decision of the Commission. *Hansel v. Sherman Textiles*, 304 N.C. 44, 49, 283 S.E.2d 101, 104 (1981). Conclusions of law by the Industrial Commission are reviewable *de novo* by this Court. *Grantham v. R. G. Barry Corp.*, 127 N.C. App. 529, 491 S.E.2d 678 (1997), *disc. rev. denied*, 347 N.C. 671, 500 S.E.2d 86 (1998).

While we normally review findings of fact and conclusions of law by the Full Commission based on the foregoing precedent, the order which has been appealed in the present case is a "clincher," or compromise settlement agreement, and as such, contained neither. Pursuant to N.C. Gen. Stat. §§ 97-17 and 97-82, "[t]he Commission recognizes, . . . two forms of voluntary settlements, namely, the compensation agreement in uncontested cases, and the *compromise or 'clincher' agreement in contested or disputed cases.*" *Vernon v. Steven L. Mabe Builders*, 336 N.C. 425, 430, 444 S.E.2d 191, 193 (1994) (emphasis added). The Full Commission did not consider BCBS's claim for reimbursement due to a compensable injury, but stated:

> [T]his Order does not purport to approve, resolve or address any issue or matter over which the Industrial Commission has no jurisdiction, whether or not such issue or matter is raised in the compromise settlement agreement executed by the parties in this action.

The Full Commission made no findings of fact or conclusions of law to support the inference that it did not have jurisdiction over BCBS's claim, and this was error. As we have noted, our review is usually limited to whether their findings are supported by competent evidence. However, jurisdictional facts found by the Industrial ". . . 'Commission, though supported by competent evidence, are *not* binding on this Court.'" *Williams v. ARL, Inc.*, 133 N.C. App. 625, 628, 516 S.E.2d 187, 190 (1999) (emphasis added) (quoting *Cook v. Norvell-Mackorell Real Estate Co.*, 99 N.C. App. 307, 309, 392 S.E.2d 758, 759 (1990)). Because this Court may make independent findings with respect to jurisdictional facts, we shall address the issue of whether or not the Industrial Commission has jurisdiction over BCBS's claim.

"The Industrial Commission is not a court of general jurisdiction. It has no jurisdiction except that conferred upon it by statute." *Bryant v. Dougherty*, 267 N.C. 545, 548, 148 S.E.2d 548, 551 (1966) (citation omitted). Under our General Statutes:

> All questions arising under [the Act] if not settled by agreements of the parties interested therein, with the approval of the Commission, shall be determined by the Commission, except as otherwise herein provided.

N.C. Gen. Stat. § 97-91 (1999). Therefore, if a question arising under the Act is not settled by agreement of all parties, the Commission

shall make a determination on this issue. The question on which BCBS's claim is based, *i.e.*, whether or not plaintiff's injury is compensable, is a question arising under the Act. Therefore, if BCBS were found to be a party to plaintiff's claim, the "clincher" in question would obviously be void, since BCBS did not consent and all interested parties must consent to a compromise agreement.

> (3) No compromise agreement will be considered unless the following additional requirements are met:
>
> . . .
>
> (b) Parties and all attorneys of record must have signed the agreement.

Workers' Comp. R. of N.C. Indus. Comm'n 502(3), (b), 2000 Ann. R. 723 (Lexis). Consequently, we must determine if BCBS, as plaintiff's health insurer, is a party to plaintiff's workers' compensation case due to the fact that it filed a claim for reimbursement in the case.

Whether a health insurer may intervene in a workers' compensation claim for reimbursement appears to be an issue of first impression in this state. As to the parties in any suit:

> Only a "real party in interest" has the legal right to maintain a cause of action. *Crowell v. Chapman*, 306 N.C. 540, 293 S.E.2d 767 (1982). In order to qualify as a real party in interest, a party must have some interest in the subject matter of the litigation and not merely an interest in the action. *Parnell v. Insurance Co.*, 263 N.C. 445, 449, 139 S.E.2d 723, 726 (1965). In other words, "[a] real party in interest is a party who is benefitted or injured by the judgment in the case." *Id.* at 448, 139 S.E.2d at 726 (quoting *Rental Co. v. Justice*, 211 N.C. 54, 55, 188 S.E. 609, 610 (1936)). . . .

*U.S. Fidelity and Guaranty Co. v. Scott*, 124 N.C. App. 224, 226, 476 S.E.2d 404, 406 (1996), *cert. denied*, 346 N.C. 185, 486 S.E.2d 220 (1997). The general consensus of workers' compensation statutes is that:

> a health or accident insurer may intervene in workers' compensation proceedings to recover benefits paid when the recipient of the insurance proceeds is the party seeking compensation benefits. Among the reasons given by the courts . . . are that the insurer has a direct interest in the outcome of the litigation in that it may gain or lose depending on the outcome, and that to deny

the right to intervene would cause the insured to be unjustly enriched. The courts also point out that it is more efficient and inexpensive to determine all relevant issues in one proceeding rather than compelling the insurer to pursue an independent action against the insured for reimbursement.

Francis M. Dougherty, J.D., Annotation, *Right of Health or Accident Insurer to Intervene in Workers' Compensation Proceeding to Recover Benefits Previously Paid to Claimant or Beneficiary*, 38 A.L.R.4th 355, 356 (1985). Also:

> An agency charged with administration of a workers' compensation act generally has jurisdiction to pass upon questions relating to a workers' compensation insurance policy when such rulings are necessary or ancillary to the determination of an injured workers' rights under the act. But where such determinations are not material to determination of a worker's right to benefits, the view has been expressed that a court of law, rather than an administrative tribunal charged with resolving workers' compensation claims, is the proper forum for a dispute over insurance coverage between an employer and an insurer, or between two or more insurers. Under some workers' compensation statutes, however, the commission has been granted exclusive original jurisdiction of all questions relating to compensation insurance, including reimbursements among insurance carriers.

82 Am. Jur. 2d *Workers' Compensation* § 486 (1992) (footnotes omitted). Thus, the intervention of a health insurer in a workers' compensation claim, when it has a direct interest in the case, encourages judicial economy, prevents unjust enrichment, and avoids duplicative litigation.

While the North Carolina Supreme Court has not considered the issue of intervention by a health insurer in a workers' compensation case, it has held that the jurisdiction of the Industrial Commission, under N.C. Gen. Stat. § 97-91,

> is not limited . . . solely to questions arising out of an employer-employee relationship or in the determination of rights asserted by or on behalf of an injured employee. *Clark v. Ice Cream Co.*, 261 N.C. 234, 134 S.E.2d 354, did not so hold. On the contrary the North Carolina Supreme Court has held in *Worley v. Pipes*, 229 N.C. 465, 50 S.E.2d 504, and in *Matros v. Owen*, 229 N.C. 472, 50 S.E.2d 509, that the sole remedy of a physician to recover for

services rendered to an injured employee in cases where the employee and his employer are subject to the Workmen's Compensation Act is by application to the Industrial Commission in accordance with the Act, with right of appeal to the courts for review, and that this remedy is exclusive. These decisions are equally applicable to charges for hospital services rendered to employees in Workmen's Compensation cases.

*Wake County Hospital v. Industrial Comm.*, 8 N.C. App. 259, 261, 174 S.E.2d 292, 293 (1970), *overruled on other grounds by Charlotte-Mecklenburg Hospital Authority v. Industrial Comm.*, 336 N.C. 200, 211, 443 S.E.2d 716, 723 (1994). In accord with this reasoning, our Supreme Court has held that the Industrial Commission has jurisdiction to consider a Veterans Administration claim for medical treatment furnished to an indigent veteran for injuries resulting from an industrial accident, and to order the claim paid as part of the employer's liability under the Act. *Marshall v. Poultry Ranch*, 268 N.C. 223, 150 S.E.2d 423 (1966). Also, in a more recent case, this Court considered whether the Industrial Commission had subject matter jurisdiction over intervening claims by a health care provider for payment of medical services provided to an injured employee, when the expenses had not been paid by plaintiff's Medicaid insurance, and the Industrial Commission had previously ordered that the employer pay reasonable and necessary expenses for the employee's compensable injury. In holding that the Industrial Commission did have jurisdiction, this Court pointed out:

> The General Assembly intended that the Commission have continuing jurisdiction of all proceedings begun before it. "[I]t is clothed with such implied power as is necessary to perform the duties required of it by the law which it administers." *Hogan v. Cone Mills Corp.*, 315 N.C. 127, 137, 337 S.E.2d 477, 483 (1985). Furthermore, this Court has recognized that "the Commission's continuing jurisdiction over its judgments includes the power to supervise and enforce them." *Hieb v. Howell's Child Care Center*, 123 N.C. App. 61, 68, 472 S.E.2d 208, 212, *disc. review denied*, 345 N.C. 179, 479 S.E.2d 204 (1996). The Workers' Compensation Act bestows on the Commission the authority to approve medical fees.
>
> . . .
>
> [I]n this case, plaintiff is seeking enforcement of the Commission's earlier order awarding him reasonable and neces-

sary medical expenses after a dispute arose over what expenses defendants must pay. G.S. 97-90 enables the Commission to approve medical expenses. The fact that the Commission was also required to interpret state and federal statutes is irrelevant. Accordingly, because the Commission was acting within its statutory mandate, we hold that it had subject matter jurisdiction to hear and decide these issues.

*Pearson v. C. P. Buckner Steel Erection Co.*, 126 N.C. App. 745, 747-48, 486 S.E.2d 723, 725-26 (1997), *affirmed in part and reversed in part*, 348 N.C. 239, 498 S.E.2d 818 (1998) (citations omitted). The Supreme Court affirmed this Court's ruling, stating:

> We believe that the Commission's "supervisory power over its judgments," [*Hogan v. Cone Mills Corp.*, 315 N.C. 127,] 140, 337 S.E.2d [447,] 485 [(1985),] includes the authority to enter orders to enforce those judgments. The authority to set and approve medical fees is granted to the Commission by statute. Having found that defendants are liable for plaintiff's reasonable and necessary medical expenses, the Commission retains jurisdiction over the case to determine which expenses must be paid and in what amount.

*Pearson*, 348 N.C. at 242, 498 S.E.2d at 820 (citation omitted). While the Full Commission did not order defendants to pay plaintiff's unpaid medical expenses in the present case, as it had in *Pearson*, the holding in *Pearson* indicates that the Industrial Commission has jurisdiction over all claims in a proceeding begun before it, including intervening claims for payment for services by a medical provider.

Similarly, the Third Circuit Court of Appeals in *Aetna Life Ins. Co. v. Harris*, 578 F.2d 52 (3rd Cir. 1978), held that a health insurer "providing coverage for non-occupational injuries and illnesses may intervene in proceedings under the Longshoremen's and Harbor Workers' [Compensation] Act . . . and recover amounts paid out for injuries or illnesses that are found to be work-related." *Id.* at 53 (citation omitted). The Court reasoned:

> [The insurer's] claim for reimbursement is derived from the same nucleus of operative facts as [claimant's] claim for compensation. A finding that a claimant's injuries are work-related is, in operative effect, a finding that payments should not have been made under a policy covering non-occupational injuries. Deciding reimbursement claims at the same time as compensation claims

avoids essentially duplicative litigation thus reducing the expenditure of time and money by the parties and the courts. Facilitating reimbursement of improperly paid benefits also encourages insurance companies . . . to make swift payment of legitimate claims. Thus on the basis of these policy considerations and the close factual relationship between reimbursement and compensation claims, we hold that claims for reimbursement are questions in respect of compensation claims and may therefore be decided in the same proceedings in which the compensation claims are decided.

*Id.* at 54. This holding is instructive as "[t]he North Carolina Workmen's Compensation Act seems to have been taken in the main from the Longshoremen's Act." *Kellams v. Metal Products*, 248 N.C. 199, 202, 102 S.E.2d 841, 844 (1958). As with the North Carolina Workers' Compensation Act, that statute "does not explicitly provide procedures for intervention" by general health insurers. *Aetna*, 578 F.2d at 55.

As to litigation between two insurers involving a workers' compensation claim, the Court of Appeals of Virginia, in *Hartford Fire Insurance Co. v. Tucker*, 3 Va. App. 116, 348 S.E.2d 416 (1986), held that the Virginia Industrial Commission did not have jurisdiction over such matter, *unless* the litigation affected the employee's right to recover:

Generally, the Commission's jurisdiction is limited to those issues which are directly or necessarily related to the right of an employee to compensation for a work-related injury. . . .

. . .

Questions between the insurer and the employer or another insurer do not "arise under" the Act *except insofar as they affect the rights of an injured employee.* When the rights of the claimant are not at stake, the Act clearly leaves the litigants to their common law remedies, with the pleading requirements, broader discovery and the more stringent rules of evidence not applicable under the Act. . . .

*Hartford*, 3 Va. App. at 120-21, 348 S.E.2d at 418-19 (emphasis added) (citations omitted). Under this reasoning, BCBS's claim falls under the jurisdiction of the Industrial Commission because resolution of its claim requires a determination of compensability, which affects plaintiff's right to recover under the Act. We note that this affect

could be either beneficial or detrimental to plaintiff's ability to recover benefits. However, based on the foregoing authority, our review indicates that such affect is in accord with the purpose of the Act as it affects a compromise settlement agreement.

A compromise settlement agreement, when liability is questionable, is not always preferable for the employee or employer:

> [I]t is often argued that to permit compromises will enable claimants to get at least something in the many controversial cases where there is serious doubt whether fundamental conditions of liability can be established. But again it must be stressed that the objective of the legislation is not to see how much money can be transferred to workers as a class; it is to ensure that those with truly compensable claims get full compensation. If there is doubt about the conpensability of the claim, the solution is not to send the claimant away half-compensated, but to let the Compensation Board decide the issue. That is the Board's job.

8 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 82.42 (1999) (footnotes omitted). While a compromise settlement agreement may be in accordance with the purpose of the Act, which is "not only to provide a swift and certain remedy to an injured worker, but also to ensure a limited and determinate liability for employers," *Radzisz v. Harley Davidson of Metrolina*, 346 N.C. 84, 89, 484 S.E.2d 566, 569 (1997) (citing *Barnhardt v. Yellow Cab Co.*, 266 N.C. 419, 427, 146 S.E.2d 479, 484 (1966)), we recognize that

> when liability itself is in dispute, there are only two correct decisions possible under the Act: full liability or nonliability; a partial payment must, therefore, be either an overpayment or an underpayment . . . [nevertheless] the compromise devise . . . may forestall tedious and expensive litigation.

8 Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 82.43 (1999) (footnote omitted). Therefore, while a determination of compensability under the Act may have caused more litigation, this determination nevertheless would have ensured that plaintiff did not receive an overpayment or underpayment in the present case. Such a result protects and encourages the rights of both an employee and employer under the Act, and the rights of an employee's health insurer.

Defendants contend that this Court held "that a health insurance carrier may bring a subrogation claim against a workers' compensa-

tion insurance carrier in superior court after the Industrial Commission has determined that the . . . carrier is liable for the claim" in *Nationwide Mut. Ins. Co. v. American Mutual Liability Ins. Co.*, 89 N.C. App. 299, 365 S.E.2d 677 (1988). To the contrary, our review of that case indicates that in *Nationwide*, the insurer of the employer's truck sought reimbursement from the workers' compensation carrier in superior court for monies allegedly paid on behalf of an employee after the Industrial Commission had determined that the injury was compensable under the Act. This Court never considered the issue of subject matter jurisdiction. It ruled that the truck insurer was not an intermeddling volunteer and was thus entitled to recover monies from the workers' compensation carrier, and that for statute of limitations purposes, the insurer's subrogation action accrued on the date the Industrial Commission determined that the workers' compensation carrier should pay the employee for his injuries. *Id.*

We note that should BCBS seek a remedy in superior court, as defendants urge, such claim would be meritless because BCBS is only entitled to reimbursement if plaintiff's injury was compensable under the Act, and the Industrial Commission, who chose not to rule, has exclusive jurisdiction on that issue. Therefore, if we were to uphold the Full Commission's order in the present case, an employer or carrier could avoid costs by denying a claim while the employee is receiving medical treatment, and subsequently entering into a clincher agreement which does not reimburse the employee's health insurer. In such case, if the injury were in fact compensable under the Act, the employer would be unjustly enriched to the detriment of the health insurer.

While a determination of compensability prior to the entry of a clincher may result in the plaintiff receiving nothing if the injury were not found to be compensable, such result would prevent an overpayment to the employee and would be fair to the employer. Also, the health insurer would have no right to reimbursement. Thus, all parties would be treated fairly under the Act. Of course, nothing prohibits an employee and employer from working out a settlement with the health insurer and including it in the clincher.

Based on the foregoing precedent, we hold that a health insurer may intervene as a real party in interest in a workers' compensation proceeding when it alleges that it has paid medical expenses due to an employee's compensable injury and is entitled to reimbursement, and liability is disputed by the employer. Thus, the Industrial Commission had subject matter jurisdiction over the claim of BCBS,

which was a real party in interest when the compromise settlement agreement was approved by the Industrial Commission. Because a compromise settlement agreement can only be approved when all parties consent, and BCBS did not consent in the present case, we hold that the compromise settlement agreement in question is void. We therefore reverse and remand this case to the Full Commission, which shall conduct further proceedings consistent with this opinion. Due to our holding, we need not reach BCBS's additional assignments of error.

Reversed and remanded.

Judges WYNN and MARTIN concur.