STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

———————————————

JAMES R. STEVENSON, Employee-plaintiff-appellant v. NOEL WILLIAMS MASONRY, INC., Employer-defendant-appellee, and KEY RISK MANAGEMENT SERVICES, INC., Carrier-defendant-appellee

No. COA00-860

(Filed 28 December 2001)

**1. Workers' Compensation— attorney fees—no unfounded litigiousness**

The Industrial Commission in a workers' compensation action did not abuse its discretion by denying plaintiff attorney's fees where plaintiff contended that defendants had engaged in unfounded litigiousness. The parties strongly contested whether a clincher agreement included reimbursement of plaintiff's out-of-pocket expenses and plaintiff refused defendants' tendered partial payment of plaintiff's out-of-pocket expenses. The Commission's decision to deny plaintiff attorney's fees was not arbitrary or manifestly unsupported by reason.

**2. Workers' Compensation— out-of-pocket expenses—not "unpaid medical expenses"**

"Unpaid medical expenses" under Workers' Compensation Rule 502(2)(b) and the terms of a clincher agreement did not provide reimbursement for previously paid out-of-pocket expenses.

**3. Workers' Compensation— attorney fees—appeal not frivolous**

A workers' compensation defendant was not entitled to attorney fees where defendant contended that plaintiff had pursued a frivolous appeal but plaintiff made good faith arguments.

STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

Appeal by plaintiff from opinion and award entered 28 January 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 August 2001.

*Cox, Gage, & Sasser, by Margaret B. DeVries, for plaintiff-appellant.*

*Womble Carlyle Sandridge & Rice, PLLC, by Clayton M. Custer and Laura M. Wolfe, for defendants-appellees.*

BRYANT, Judge.

This case arises from proceedings before the North Carolina Industrial Commission in which plaintiff James R. Stevenson alleged that he suffered injuries to his left shoulder, upper back and neck while operating a bulldozer on 6 November 1995. Defendant Noel Williams Masonry, Inc. (Williams) denied plaintiff's workers' compensation claim.

Nonetheless, plaintiff, defendant Williams and carrier-defendant Key Risk Management Services (Key Risk) participated in a mediated settlement conference on 29 July 1997, and entered into a clincher agreement on 14 August 1997. The parties agreed in the clincher agreement to settle plaintiff's workers' compensation claims for $11,000.00. In addition, Key Risk agreed to pay all related unpaid medical expenses through the date of the mediation pursuant to Workers' Comp. R. of N.C. Indus. Comm'n 502(2)(b).

The clincher agreement released defendants from additional liability and required them to pay $855.65 in undisputed medical expenses—$292.05 to Charlotte Neurosurgical Associates (CNA), $459.60 to Carolinas Medical Center (CMC), and $104.00 to Southeast Anesthesia Associates (SAA). In addition, plaintiff's employment relationship was severed in consideration of $1,000.00 pursuant to the mediated settlement agreement.

On 15 August 1997, after the clincher agreement was executed, plaintiff requested reimbursement for out-of-pocket expenses in addition to the $11,000.00 provided in the clincher agreement. These out-of-pocket expenses totaled $259.00—$40.00 for prescription drugs, $144.00 for travel expenses related to treatment, and $75.00 for chiropractic treatment. Defendants refused to pay the out-of-pocket expenses, arguing that these expenses did not constitute unpaid medical expenses as that term is referenced in the clincher agreement. In

the meantime, the Commission filed an approval of the clincher agreement on 4 September 1997.

In October 1997, plaintiff again requested defendants to reimburse him for the out-of-pocket expenses. By letter dated 11 November 1997, defendants informed plaintiff they would not pay these expenses. As of 11 November 1997, defendants had not paid the three undisputed medical expenses.

On 14 November 1997, plaintiff filed a motion for payment of outstanding medical expenses and a motion for attorney's fees, costs and sanctions. The executive secretary for the Commission filed an administrative order on 9 January 1998, which mandated that defendants pay all outstanding medical expenses pursuant to the terms of the clincher agreement within twenty days of the filing of the order. Defendants were also ordered to pay a 10% penalty for late payments pursuant to N.C.G.S. § 97-18(i). Attorney's fees, costs, and sanctions were not assessed in the administrative order. Defendants paid the $104.00 balance to SAA and the $292.05 balance to CNA on 5 February 1998 and 29 May 1998 respectively. However, the $459.60 balance to CMC remained unpaid.

Plaintiff submitted a Form 33 (Request that Claim be Assigned for Hearing) with a date of notice of 30 April 1998 to compel payment of outstanding medical expenses, and to seek attorney's fees, costs and sanctions. Defendants responded by submitting a Form 33R (Response to Request that Claim be Assigned for Hearing) which stated that the "[c]arrier has paid all 'unpaid' medical bills of which it is aware . . . ." Thereafter, defendants, "under protest", tendered a check to plaintiff for $184.00 for plaintiff's out-of-pocket expenses for prescription drugs and travel costs, but refused to pay plaintiff's $75.00 out-of-pocket chiropractor expense. Plaintiff chose not to cash the check and proceeded to trial before the deputy commissioner. Defendants paid the $459.60 balance to CMC on 8 October 1998, just prior to trial.

This matter was heard before Deputy Commissioner George T. Glenn, II on 21 October 1998. Deputy Commissioner Glenn ruled that defendants were required to reimburse plaintiff's out-of-pocket costs of $40.00 for prescription drugs and $144.00 for travel expenses. Such reimbursement, he held, fell within the scope of unpaid medical expenses. Deputy Commissioner Glenn denied reimbursement for the $75.00 chiropractor expense. He however, awarded plaintiff $7,296.19 in attorney's fees and a 10% penalty fee for defendants late payments.

STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

Defendants appealed to the Full Commission, which reversed in part and affirmed in part. The Commission determined that the $259.00 in out-of-pocket expenses were not unpaid medical expenses within the meaning of the clincher agreement or Rule 502(2)(b). Furthermore, the Commission ruled that plaintiff was not entitled to an award of attorney's fees as "[n]either party demonstrated unfounded litigiousness in this matter". However, as a consequence of late payment, the Commission affirmed plaintiff's award of the 10% penalty. Defendants thereafter complied with the Commission's orders. Plaintiff appealed and defendant presented cross-assignments of error.

> When reviewing appeals from the Industrial Commission, the Court is limited in its inquiry to two questions of law: (1) whether there was any competent evidence before the Commission to support its findings of fact; and (2) whether the Commission's findings of fact justify its legal conclusions and decision. The Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even if there is evidence which would support a finding to the contrary.

Sanderson v. Northeast Construction Co., 77 N.C. App. 117, 120-21, 334 S.E.2d 392, 394 (1985) (citations omitted). While we are bound by the Commission's findings of fact if they are supported by competent evidence, this Court reviews de novo the Commission's conclusions of law. Grantham v. R. G. Barry Corp., 127 N.C. App. 529, 534, 491 S.E.2d 678, 681 (1997), rev. denied by, 347 N.C. 671, 500 S.E.2d 86 (1998).

## Plaintiff's assignments of error

### I.

[1] Plaintiff first contends that he is entitled to attorney's fees because defendants engaged in unfounded litigiousness. We disagree.

It is well settled in North Carolina that, "[i]f the Industrial Commission shall determine that any hearing has been brought, prosecuted, or defended without reasonable ground, it may assess the whole cost of the proceedings including reasonable fees for defendant's attorney or plaintiff's attorney upon the party who has brought or defended them." N.C.G.S. § 97-88.1 (2000). The evident purpose of the statute is to deter stubborn, unfounded litigiousness. Sparks v. Mountain Breeze Restaurant, 55 N.C. App. 663, 664, 286 S.E.2d 575, 576 (1982). Whether to assess attorney's fees is in the discretion of

STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

the Commission. *See Lewis v. Sonoco Prods. Co.*, 137 N.C. App. 61, 71, 526 S.E.2d 671, 677 (2000).

Review of the Commission's award or denial of attorney's fees is limited and will not be overturned absent an abuse of discretion. *See id.* An abuse of discretion arises when a decision is "manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." *State v. Hennis*, 323 N.C. 279, 285, 372 S.E.2d 523, 527 (1988).

Plaintiff alleges that defendants engaged in unfounded litigiousness by unreasonably delaying its payments on the undisputed claims, making a false statement on their Form 33R, and by filing harassing discovery.

As relates to payment of the undisputed claims, the record reveals that at the time of the hearing before the Deputy Commissioner, the only claims to be settled were the out-of-pocket expenses, for which the defendants denied liability. Just prior to the hearing, defendants had paid all undisputed claims. However, those undisputed claims were paid in February, May and October 1998— long after the twenty-day deadline established by the executive secretary in his January 1998 order.

As relates to defendants' Form 33R, the record reveals that after plaintiff filed a Form 33 request for hearing, defendants filed a Form 33R stating that the "[c]arrier has paid all 'unpaid' medical bills of which it is aware . . . ." It appears from the record that at least one undisputed bill—$459.60 to CMC—was outstanding when defendants filed their Form 33R. Since there is some question regarding whether defendants were aware of the outstanding balance to CMC when they filed their Form 33R, it cannot be determined whether the statement was made intentionally or through inadvertence.

As relates to plaintiff's claim regarding defendants filing harassing discovery, the record reveals that on 6 October 1998, defendants served a notice of deposition on plaintiff's counsel. Plaintiff's counsel had not answered interrogatories defendants served in June 1998. Defendants contend that the purpose of the deposition was to determine exactly what the parties agreed to pay, i.e., to seek clarification of the term "unpaid medical expenses" pursuant to the clincher agreement. The Deputy Commissioner, however, quashed the subpoena to depose plaintiff's counsel.

STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

It is clear from the record that the parties strongly contested whether the terms of the clincher agreement included reimbursement of plaintiff's out-of-pocket expenses. Further, the record indicates that defendants tendered partial payment of plaintiff's out-of-pocket expenses in order to avoid litigation, but plaintiff refused this tender and proceeded to a hearing before the deputy commissioner. While this Court does not condone the delays in payment of the undisputed expenses, it appears that even if defendants had made timely payment for the undisputed expenses, litigation would have commenced regarding the out-of-pocket expenses.

Based on evidence in the record, it does not appear the Commission's decision to deny plaintiff attorney's fees was arbitrary or manifestly unsupported by reason. Therefore, we do not find the Full Commission abused its discretion in denying attorney's fees. Plaintiff was properly entitled, however, to the 10% penalty pursuant to N.C.G.S. § 97-18(i) for late payment of the undisputed medical expenses.

II.

[2] Plaintiff's final argument alleges the Full Commission erred in concluding his out-of-pocket expenses were not unpaid medical expenses within the meaning of Rule 502(2)(b) or the clincher agreement. We disagree.

The Full Commission's findings of fact state in pertinent part: "9. Plaintiff's out-of-pocket medical expenses were not 'unpaid' medical expenses within the meaning of the Clincher Agreement and Industrial Commission Rule 502(b) [sic], even though plaintiff had not been reimbursed for these out-of-pocket expenses. . . ." We note the abovementioned statement is actually a conclusion of law and not a finding of fact, therefore, this Court will review this conclusion *de novo*.

Workers' Comp. R. of N.C. Indus. Comm'n 502(2)(b) (2000) states:

Where liability is denied, that the employer or carrier/administrator undertakes to pay all unpaid medical expenses to the date of the agreement. However, this requirement may be waived in the discretion of the Industrial Commission. When submitting an agreement for approval, the employee or employee's attorney, if any, shall advise the Commission in writing of the amount of the unpaid medical expenses.

Rule 502(2)(b) provides that where the employer or carrier denies liability for a claim, such payor is obligated to pay what the rule specifies: *unpaid* medical expenses. "Unpaid" means "not yet paid." *The American Heritage Dictionary* 1324 (2nd College ed. 1991). Since plaintiff had already paid for these medical expenses, they clearly do not fit the meaning of "not yet paid." The language of Rule 502(2)(b) does not distinguish between medical expenses unpaid by the employer or carrier versus those unpaid by another party. Therefore, in interpreting Rule 502(2)(b), we hold that plaintiff's unreimbursed out-of-pocket expenses do not qualify as unpaid medical expenses pursuant to that rule.

Plaintiff cites *Hansen v. Crystal Ford-Mercury, Inc.* for the proposition that unpaid medical expenses include reimbursable expenses pursuant to Rule 502(2)(b). 138 N.C. App. 369, 531 S.E.2d 867, *rev. dismissed by,* —— N.C. ——, 546 S.E.2d 130, *writ of supersedeas and motion for temporary stay denied by,* 353 N.C. 263, 546 S.E.2d 131 (2000), *rev. denied by,* 353 N.C. 263, 546 S.E.2d 94, *reconsideration denied by,* 353 N.C. 372, 547 S.E.2d 7 (2001). However, the issue in *Hansen* was whether an employee's health insurer had standing to intervene in a worker's compensation claim for reimbursement.[1] 138 N.C. App. at 374, 531 S.E.2d at 870. The *Hansen* Court did not specifically address what expenses were included as unpaid medical expenses under Rule 502(2)(b). *Hansen* is not dispositive on this issue, therefore, we cannot conclude that the Commission erred in concluding plaintiff's out-of-pocket expenses were not unpaid expenses under Rule 502(2)(b) based on *Hansen.*

In addition, the Commission concluded that the clincher agreement did not provide for reimbursement of plaintiff's out-of-pocket expenses as part of unpaid medical expenses covered in the agreement. The Commission noted that "[i]f the parties had intended that plaintiff himself would recover an amount in addition to the lump sum settlement, the agreement should have provided for payment of paid but non-reimbursed medical expenses as of the date of the agreement." We find no error in this conclusion.

We hold that unpaid medical expenses under Rule 502(2)(b) and the terms of the clincher agreement do not provide reimbursement for previously paid out-of-pocket medical expenses. This ruling does

---

1. *Hansen* was overturned by recent legislation which indicates that health insurers are not real parties in interest in proceedings or settlements under the Worker's Compensation Act. H.R. 1045, 144 Leg., Reg. Sess. (N.C. 2001).

STEVENSON v. NOEL WILLIAMS MASONRY, INC.

[148 N.C. App. 90 (2001)]

not affect the Commission's discretion to waive the requirement of Rule 502(2)(b) that obligors pay all unpaid medical expenses through the date of the clincher agreement. Nor does this ruling affect the parties' ability to enter into agreements that the employer or carrier reimburse an employee's out-of-pocket medical expenses. In the instant case, however, we find that plaintiff's out-of-pocket medical expenses were mediated as included in the $11,000.00 lump sum payment to plaintiff.

## Defendants' cross-assignment of error

[3] Having overruled plaintiff's assignments of error, it is necessary for this Court only to address defendants' first argument and corresponding assignment of error. Defendants contend they are entitled to attorney's fees because plaintiff has brought a frivolous appeal from the Full Commission's opinion and award. We disagree.

N.C. R. App. P. 34 (2000) provides in pertinent part:

(a) A court of the appellate division may, on its own initiative or motion of a party, impose a sanction against a party or attorney or both when the court determines that an appeal or any proceeding in an appeal was frivolous because of one or more of the following:

(1) the appeal was not well grounded in fact and warranted by existing law or good faith argument for the extension, modification, or reversal of existing law;

(2) the appeal was taken or continued for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

. . .

(b) A court of the appellate division may impose one or more of the following sanctions:

. . .

(2) monetary damages including, but not limited to,

. . .

c. reasonable expenses, including reasonable attorney fees, incurred because of the frivolous appeal or proceeding;

. . . .

Having reviewed plaintiff's arguments, we do not find that plaintiff has pursued a frivolous appeal. Plaintiff has made good faith arguments concerning whether he was entitled to attorney's fees and reimbursement for out-of-pocket medical expenses pursuant to Rule 502(2)(b) and the terms of the clincher agreement. Therefore, we do not find defendant is entitled to attorney's fees on appeal.

Affirmed.

Judges GREENE and CAMPBELL concur.