W. GLEN ROBBINS, JR., Husband and Executor of the Estate of GAYLE C. ROBBINS, Deceased Employee, Plaintiff v. WAKE COUNTY BOARD OF EDUCATION, Employer, Self Insured, Defendant

No. COA01-1224

(Filed 16 July 2002)

**Workers' Compensation— occupational disease—asbestos tainted building**

The Industrial Commission did not err by concluding that plaintiff sustained a compensable occupational disease when she developed mesothelioma from working within a building with high levels of asbestos. While the record may contain evidence supporting contrary findings, the Commission's findings were sufficiently supported by competent evidence to be deemed conclusive.

**ROBBINS v. WAKE CTY. BD. OF EDUC.**

[151 N.C. App. 518 (2002)]

Appeal by defendant from an opinion and award entered 21 May 2001 by the North Carolina Industrial Commission. Heard in the Court of Appeals 11 June 2002.

*Wallace and Graham, P.A., by Richard L. Huffman, for plaintiff-appellee.*

*Hedrick, Eatman, Gardner & Kincheloe, L.L.P., by Jeffrey A. Doyle and Tonya D. Davis, for defendant-appellant.*

HUNTER, Judge.

Wake County Board of Education ("defendant") appeals an opinion and award of the North Carolina Industrial Commission awarding compensation to W. Glen Robbins, Jr. ("plaintiff"), executor of the estate of his deceased wife, Gayle C. Robbins ("Robbins"), on grounds that Robbins contracted an occupational disease while employed with defendant. We affirm the Commission's opinion and award.

The evidence of record establishes that Robbins worked for defendant from May 1978 until October 1981 as a secretary and graphic artist. During her employment with defendant, Robbins worked at a facility on Devereaux Street in Raleigh which was used as defendant's central administrative office building. Robbins worked in a large room on the second floor that was divided by partitions, and she also spent about two hours daily in the office's print shop. Robbins also made daily trips to the basement of the building to place materials in courier boxes. The courier boxes were located next to the boiler room. Robbins testified that there was almost always construction being performed in the building, and that she would often observe that dust and other particles accumulated on her desk.

In 1988, pursuant to the Asbestos Hazard Emergency Response Act, a survey was performed at the Devereaux Street facility. The result of the survey revealed the building contained substantial amounts of asbestos, including in the ceiling plaster, wall plaster, floor tile, pipe insulation in the boiler room and print shop, vibration dampers of the heating system, and numerous other areas. The building contained a significant amount of asbestos that was damaged and in friable condition. The Commission found that the 1988 survey was indicative of the conditions in the building at the time Robbins was employed by defendant.

In late 1992, Robbins developed a persistent cough. A January 1993 chest x-ray revealed a suspicious shadow in her lungs, and a CT scan confirmed the presence of an egg-sized tumor in Robbins' right lung. Robbins was diagnosed with mesothelioma, a cancer most often associated with asbestos exposure. On 24 June 1994, Robbins filed this claim with the Commission seeking compensation for the occupational disease of mesothelioma. Despite aggressive treatment, Robbins died of mesothelioma in June 1995 at the age of forty-one. Plaintiff continued the matter after Robbins' death, and a hearing was held in December 1998. The deputy commissioner entered an opinion and award denying compensation, and plaintiff appealed.

On 21 May 2001, the Full Commission entered an opinion and award reversing the deputy commissioner and concluding that plaintiff had sustained a compensable occupational disease as a result of her employment with defendant. In so concluding, the Commission found that during her employment with defendant, Robbins was exposed to more than normal amounts of asbestos which resulted in her contracting mesothelioma, that her employment placed her at a greater risk for contracting mesothelioma than the public generally, and that mesothelioma is not an ordinary disease of life to which the general public is equally exposed. Defendant appeals.

Defendant argues on appeal that the Commission erred in finding and concluding that Robbins' mesothelioma was an occupational disease within the meaning of the Worker's Compensation Act. Our review of an opinion and award of the Commission is limited to the two-part inquiry of whether (1) there was any competent evidence to support the Commission's findings of fact; and (2) the Commission's findings of fact support its legal conclusions and decision. *Stevenson v. Noel Williams Masonry, Inc.*, 148 N.C. App. 90, 93, 557 S.E.2d 554, 557 (2001). " 'The Commission's findings of fact are conclusive on appeal if supported by competent evidence. This is so even if there is evidence which would support a finding to the contrary.' " *Id.* (citation omitted).

N.C. Gen. Stat. § 97-53 (2001) sets forth several diseases which are considered compensable occupational diseases. Mesothelioma is not one of them. However, N.C. Gen. Stat. § 97-53(13) provides that a disease not specifically listed in the statute may still be compensable where certain criteria are met. In order to establish a compensable occupational disease under N.C. Gen. Stat. § 97-53(13), a claimant must show:

(1) the disease is characteristic of individuals engaged in the particular trade or occupation in which the claimant is engaged; (2) the disease is not an ordinary disease of life to which the public generally is equally exposed with those engaged in that particular trade or occupation; and (3) there is a causal relationship between the disease and the claimant's employment.

*Hardin v. Motor Panels, Inc.*, 136 N.C. App. 351, 354, 524 S.E.2d 368, 371 (citing *Rutledge v. Tultex Corp.*, 308 N.C. 85, 93, 301 S.E.2d 359, 365 (1983)), *disc. review denied*, 351 N.C. 473, 543 S.E.2d 488 (2000). The first two elements of the *Rutledge* test are satisfied where the claimant can show that "the employment exposed the worker to a greater risk of contracting the disease than the public generally." *Rutledge*, 308 N.C. at 94, 301 S.E.2d at 365. The third element is satisfied if the employment " 'significantly contributed to, or was a significant causal factor in, the disease's development.' " *Hardin*, 136 N.C. App. at 354, 524 S.E.2d at 371 (citation omitted).

Here, defendant argues that the Commission erred in finding and concluding that plaintiff's evidence met the three-part *Rutledge* test for establishing an occupational disease. However, we hold that there is competent evidence in the record to support the Commission's findings with respect to each of the three requirements for proving an occupational disease, and that its findings support its conclusion that Robbins sustained a compensable occupational disease as a result of her employment with defendant.

The Commission found as fact that Robbins' employment at defendant's Devereaux Street facility exposed her to a greater risk of contracting mesothelioma than the public generally. The Commission found that while the nature of Robbins' employment as a secretary and graphic artist did not place her at risk for contracting the disease, the fact that her employment required her to work in a building with higher-than-normal levels of asbestos did place her at such a risk, and that the risk was higher than that to which the general public was exposed, as not all buildings contain significant amounts of friable asbestos. The Commission further found that mesothelioma is not an ordinary disease of life to which the general public would be equally exposed as someone like Robbins, who worked in a building containing significant levels of asbestos.

These findings are supported by the testimony of Dr. Victor Roggli, who testified before the Commission as an expert in the pathology of asbestos and asbestos-related diseases of the lung,

including mesothelioma. Dr. Roggli testified that he was of the opinion that Robbins' exposure to asbestos at the Devereaux Street facility placed her at an increased risk for developing mesothelioma. Dr. Roggli opined that mesothelioma is a disease which is characteristic of particular trades or occupations, such as Robbins' employment, where the employee is exposed to asbestos. He also testified that mesothelioma is not an ordinary disease of life that one typically sees in the general population. Dr. Roggli stated that mesothelioma is very rare among the general population, and that it is estimated that there exist only one or two cases per million people per year where mesothelioma develops without asbestos exposure.[1] He further testified there is no doubt in the medical community regarding the association between mesothelioma and asbestos exposure, and that the connection between the two is so strong that when mesothelioma is identified, a doctor would first inquire about possible exposure to asbestos. Thus, the Commission's findings with respect to the first two elements of the *Rutledge* test were sufficiently supported by competent evidence.

The Commission also found as fact that Robbins' exposure to asbestos during her employment with defendant was a significant contributing factor in the development of her mesothelioma. This finding is supported by extensive evidence regarding the higher-than-normal asbestos levels present in the Devereaux Street facility and the connection between such exposure and mesothelioma. Additionally, Dr. Roggli opined that Robbins would have been injuriously exposed to asbestos while employed by defendant if she had "nontrivial" exposure. Howard Cole, a certified industrial hygienist and licensed asbestos consultant, opined that Robbins would have been exposed to "nontrivial" levels of asbestos while working for defendant. He testified that, in his opinion, Robbins would have been exposed to levels of asbestos at the Devereaux Street facility significant enough to contribute to mesothelioma.

---

1. We note that this evidence distinguishes the present case from *Woody v. Thomasville Upholstery, Inc.*, 355 N.C. 483, 562 S.E.2d 422 (2002) in which the Supreme Court recently adopted the view of the dissenting judge in *Woody v. Thomasville Upholstery, Inc.*, 146 N.C. App. 187, 552 S.E.2d 202 (2001). The dissent in that case concluded that the claimant had failed to establish an occupational disease based upon her depression and fibromyalgia which she claimed were caused by a verbally abusive supervisor. *Id.* at 202, 552 S.E.2d at 211. The dissent observed that depression and fibromyalgia are clearly ordinary diseases of life to which the general public are equally exposed, and to which the claimant could be equally susceptible in any employment or in her personal life. *Id.* In contrast, the testimony of Dr. Roggli in this case supports the Commission's finding that mesothelioma is not an ordinary disease of life to which the general public is equally exposed.

Defendant argues that Cole's testimony should have been ignored by the Commission as being too speculative, in part because he based some of his opinions on his previous experience with other buildings containing asbestos and because he never personally inspected the Devereaux Street facility. We disagree, and note that "[i]n occupational disease cases the causal connection between the disease and the employee's occupation must of necessity be based upon circumstantial evidence." *Lumley v. Dancy Construction Co.*, 79 N.C. App. 114, 122, 339 S.E.2d 9, 14 (1986) (citing *Booker v. Medical Center*, 297 N.C. 458, 256 S.E.2d 189 (1979)).

In conclusion, though the record may contain evidence tending to support contrary findings, the Commission's findings are sufficiently supported by competent evidence in the record to be deemed conclusive on appeal. We hold that these findings support the Commission's conclusion of law that, as a result of her employment with defendant, Robbins sustained a compensable occupational disease within the meaning of N.C. Gen. Stat. § 97-53(13), and we therefore uphold the opinion and award of the Commission.

Affirmed.

Judges GREENE and McCULLOUGH concur.