DIETZ, Judge.
Respondents Karen Gupton and Jones Family Holdings, LLC appeal from the trial court's order and permitting foreclosure on a deed of trust by Petitioner Ocwen Loan Servicing, LLC. On appeal, Respondents argue that the trial court erred in refusing to admit evidence that the individual who executed the pre-foreclosure certification was an employee of counsel for the substitute trustee rather than an agent of Ocwen, that the trial court erred by refusing to dismiss the proceeding for failure to join necessary parties, and that the trial court erred by determining that Ocwen is the holder of the note.
As explained below, we reject these arguments. Respondents did not present any admissible evidence concerning the individual who signed the pre-foreclosure certification but, instead, simply asserted that the court and the parties should call the law firm representing the substitute trustee which, Respondents argued, would prove that statements in the pre-foreclosure certification were false. The trial court was well within its discretion to decline to take evidence in this unusual manner. Moreover, only the holder of a note must be joined in a foreclosure action, and the trial court properly determined that Ocwen was the holder of the note, which disposes of Respondents' remaining arguments. Accordingly, we affirm the trial court's order.
Facts and Procedural History
On 31 May 2006, Respondent Karen Gupton executed a promissory note in favor of Corporate Investors Mortgage Group, Inc. The note was indorsed in blank. Gupton also executed an accompanying deed of trust, which secured the note with a lien on real property located in Raleigh. Ocwen Loan Servicing, LLC is the servicer of the loan. On 16 July 2013, Ocwen sent a pre-foreclosure notice to Gupton, notifying her that she was in default on her payment obligations under the promissory note and deed of trust and that Ocwen would begin foreclosure proceedings if she did not make full payment. On 16 February 2015, Ocwen appointed a substitute trustee.
After Respondents failed to cure the default, Ocwen began a foreclosure action. On 4 May 2015, Ocwen filed a pre-foreclosure Conditional Certificate of Compliance, signed by Amanda Moyer "as an employee or agent of Ocwen Loan Servicing, LLC." The clerk of court entered an order allowing foreclosure. Respondents filed a notice of appeal to Superior Court on 13 May 2015.
The trial court held a hearing on 1 February 2016. At the hearing, Respondents' counsel challenged the validity of the pre-foreclosure certificate, stating that he believed Moyer, who signed the pre-foreclosure certificate, was an employee of the law firm representing the substitute trustee, not Ocwen, the alleged holder of the note. The court asked Respondents' counsel what evidence he had to support this allegation. Counsel responded that he knew Moyer was an employee at the law firm "from my own personal experience" and asked for a five-minute recess for the court to call the law firm and ask whether Amanda Moyer was an employee of the firm. The court declined to do so and stated that "there's no showing ... that she's not an authorized agent."
Ocwen then presented an affidavit of indebtedness from Sandra Lyew, a Senior Loan Analyst for Ocwen's parent company, whose testimony was based on her review of "the business records for and relating to [Respondents'] loan." Ocwen presented live testimony from Katherine Ortwerth, another loan analyst for the parent company, who testified that Ocwen was the holder of the loan. Ortwerth conceded that she did not know the identity of any owners or investors of the loan. Ocwen also provided the court with a copy of the promissory note, indorsed in blank, and presented the original promissory note for inspection by the court at the hearing.
On 29 February 2016, the court entered an order affirming the clerk's order permitting foreclosure. Respondents timely appealed.
Analysis
I. Signature on the pre-foreclosure certification
Respondents first argue that the trial court erred in refusing to allow them to present "telephonic testimony" that Amanda Moyer, the person who signed the pre-foreclosure certificate, was not authorized to do so because she was an employee of the law firm representing the substitute trustee and not an agent of Ocwen, as Moyer stated on the certificate. As explained below, the trial court was well within its discretion to deny Respondents' request.
By statute, a pre-foreclosure certificate must be filed by the mortgage servicer or its authorized agent. N.C. Gen. Stat. § 45-103(a). "A materially inaccurate statement in the certification shall be cause for dismissal without prejudice of any foreclosure proceeding on a primary residence initiated by the mortgage servicer...." Id. § 45-107(b).
The pre-foreclosure certificate in this case was signed by Amanda Moyer "as an employee or agent of Ocwen Loan Servicing, LLC." At the hearing, Respondents asserted that Moyer was an employee of the law firm representing the substitute trustee and was not an employee or agent of Ocwen. Respondents' counsel explained that he knew Moyer was employed by the law firm based on his own experience. He asked the court for a brief recess so that the court and the parties could call the law firm for the substitute trustee and ask whether Moyer was an employee there. The court refused this request, stating "I'm not interested in having ... a telephone ... evidentiary hearing. What evidence do you have that this Amanda Moyer is ... not who she says she is?" Respondents' counsel responded that his belief was based on his "own personal experience and dealings with Brock & Scott [the law firm for the substitute trustee] that I'm representing to this Court that she is an employee there." The court did not permit Respondents to call the law firm and found that Respondents had not presented "any evidence for who this woman is."
We hold that the trial court did not abuse its discretion in denying Respondents' request to obtain this "telephonic testimony." See N.C. R. Evid. 611(a). The law provides a procedure for introducing witness testimony in a foreclosure proceeding, and recessing the proceeding so the court and the parties can call a law firm and ask questions is not part of that process. Thus, the trial court was well within its sound discretion to deny the request. Because Respondents presented no other admissible evidence concerning Moyer's status as an agent for Ocwen, the trial court properly found that Respondents had not met their burden to show that the challenged statement in the pre-foreclosure certification was false. See N.C. R. Civ. P. 43(a) ; Basmas v. Wells Fargo Bank Nat. Ass'n , 236 N.C. App. 508, 513, 763 S.E.2d 536, 539 (2014) (noting that "arguments of counsel are not evidence").
II. Joinder of necessary parties
Respondents next argue that the trial court erred by refusing to dismiss the proceeding for failure to join necessary parties. Respondents contend that the evidence showed Ocwen was "only a servicer of the loan, and not the real party in interest." We disagree.
Under the UCC, the holder of an instrument is entitled to enforce it, even if the holder is not the owner of the instrument. N.C. Gen. Stat. § 25-3-301. Thus, the holder of the note "qualifies as a real party in interest" and may prosecute a foreclosure action. In re Webb , 231 N.C. App. 67, 69-70, 751 S.E.2d 636, 638 (2013). "Holder" includes "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession[.]" N.C. Gen. Stat. § 25-1-201(b)(21). If an instrument is indorsed in blank, it "becomes payable to bearer and may be negotiated by transfer of possession alone[.]" Id. § 25-3-205(b). This Court has held that "a petitioner's production of an original note indorsed in blank establishes that the petitioner is the holder of the note." In re Foreclosure of a Deed of Trust Executed By Rawls , --- N.C. App. ----, ----, 777 S.E.2d 796, 800 (2015).
Here, Ocwen presented a copy of the note, indorsed in blank. The copy of the note was attached to an affidavit from an employee of Ocwen's parent company. The affiant stated that, in her role as a Senior Loan Analyst for the parent company, she had access to and reviewed Ocwen's business records, including the promissory note, which "is endorsed in blank and is in the possession of Ocwen Loan Servicing." The affidavit described the affiant's relationship to those business records and satisfied the requirements of the business records exception to the hearsay rule. See N.C. R. Evid. 803(6). Under the provisions of the UCC and our precedent in Rawls , this evidence was sufficient to establish that Ocwen was the real party in interest and that the proceeding was not subject to dismissal for failure to join necessary parties.
III. Findings concerning the holder of the note
Finally, Respondents argue that the trial court erred in its finding and conclusion that Ocwen is the holder of the note. Specifically, Respondents contend that the affidavit and witness testimony came from employees of Ocwen's parent company, who had not shown that they had sufficient knowledge or connection to Ocwen. As explained above, Ocwen produced sufficient evidence to support the trial court's determination that it was the holder of the note, including, importantly, the note itself indorsed in blank. "A petitioner's production of an original note indorsed in blank establishes that the petitioner is the holder of the note." Rawls , --- N.C. App. at ----, 777 S.E.2d at 800. Moreover, Ocwen supported its possession of the note with affidavits and testimony from employees of its parent company, who testified under oath that they had access to Ocwen's business records as part of their job duties and could confirm that Ocwen was the holder of the note. This evidence, taken together, readily supports the trial court's finding, which in turn support its conclusion of law. Accordingly, we reject Respondents' argument.
Conclusion
We affirm the trial court's order denying Respondents' appeal and permitting foreclosure.
AFFIRMED.
Report per Rule 30(e).
Judges ELMORE and TYSON concur.